**Josefina GAWARAN, a.k.a., Josefina Javier, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 95–70282.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 5, 1996.

Decided Aug. 6, 1996.

Jesse G. Quinsaat, Quinsaat & Mangarin, San Diego, California, for petitioner.

Hugh G. Mullane, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for respondent.

Before: WIGGINS, THOMPSON and TROTT, Circuit Judges.

TROTT, Circuit Judge:

## OVERVIEW

In 1989, the Immigration and Naturalization Service charged that Josefina Gawaran was deportable on multiple grounds. She applied for a waiver of all charges of deportability pursuant to section 241(f) of the Immigration and Nationality Act, which provides discretionary relief for certain aliens who fraudulently enter the country. The BIA found that while the section 241(f) waiver would apply to some of the deportability charges, the waiver did not apply to the separate ground of deportability based on the termination of her permanent resident status. She petitions for review of the BIA's decision, contending that she was eligible for the waiver of deportation on all charges of deportability because they arose out of the same fraudulent conduct. We deny the petition.

## BACKGROUND

Josefina Gawaran (Gawaran) is a native and citizen of the Philippines. On August 10, 1978, Gawaran married Donato Javier, also a citizen of the Philippines. She never divorced Javier. In 1986, she married Efrem Gawaran, a United States citizen. In 1987, she entered the United States as a conditional permanent resident, as the wife of a United States citizen. Afterward, she gave birth to a child, Joeferson Gawaran, who is a United States citizen. Her parents and two brothers still live in the Philippines. In January 1988, Efrem Gawaran filed to annul his marriage to Josefina Gawaran.

Upon discovering Gawaran's bigamous marriage and her fraudulent entry into the United States, the Immigration and Naturalization Service (INS) issued an Order to Show Cause on January 11, 1989. Specifically, the INS charged Gawaran as deportable under section 241(a)(1), which finds deportable any alien who at the time of entry was "excludable by the law existing at the time of such entry." 8 U.S.C. § 1251(a)(1) (1988). Gawaran was considered excludable at the time of entry: 1) under section 212(a)(20), as an alien who entered without a valid immigrant visa; and 2) under section 212(a)(14), as an alien who entered without a valid labor certification. 8 U.S.C. § 1182(a)(14) & (20) (1988).

On June 2, 1989, the INS filed a separate charge of deportability under section

241(a)(9)(B), 8 U.S.C. § 1251(a)(9)(B) (1988). This filing charged that Gawaran was deportable as an alien whose conditional permanent resident status was terminated because Gawaran did not file a petition to remove the conditional nature of her permanent resident status before January 18, 1989, the second anniversary of her admission for permanent residence. Accordingly, on June 2, 1989, the INS terminated Gawaran's conditional permanent resident status.

## DISCUSSION

■ The question before this court involves the applicability of the discretionary waiver of deportation under section 241(f). 8 U.S.C. § 1251(f) (1988). This court reviews de novo the BIA's determination of purely legal questions regarding the requirements of the Immigration and Nationality Act. *Ghaly v. Immigration & Naturalization Serv.,* 58 F.3d 1425, 1429 (9th Cir.1995).

Section 241(f) provides:

(1)(A) The provisions of this section relating to the deportation of aliens within the United States on the ground that they were excludable at the time of entry as aliens who have sought to procure or have procured visas or other documentation, or entry into the United States, by fraud or misrepresentation, whether willful or innocent, may, in the discretion of the Attorney General, be waived for any alien ... who—

(i) is the spouse, parent, or child of a citizen of the United States ...; and

(ii) was in possession of an immigrant visa or equivalent document and was otherwise admissible to the United States at the time of such entry except for those grounds of inadmissibility specified under paragraphs (14), (20), and (21) of section 1182(a) of this title which were a direct result of that fraud or misrepresentation.

(B) A waiver of deportation for fraud or misrepresentation granted under subparagraph (A) shall also operate to waive deportation based on the grounds of inadmissibility at entry described under sub-

paragraph (A)(ii) directly resulting from such fraud or misrepresentation.

8 U.S.C. § 1251(f)(1).

■ Gawaran argues that this section provides a waiver of deportability for all charges of deportability against her, including that based on the termination of her conditional permanent status. She reasons that the fraudulent conduct by which she entered the country, and for which she was charged under § 212(a)(14) and (20), is the same fraudulent conduct that supports the separate ground of deportability under § 241(a)(9)(B). Thus, she concludes that the scope of the section 241(f) waiver encompasses the conduct supporting deportability for the termination of her permanent resident status and, accordingly, should operate to waive that charge as well.

However, Gawaran's argument is contradicted by the plain language of the waiver statute. The section 241(f) waiver applies to aliens who were "excludable upon entry." As stated in the BIA's Decision, "Gawaran's deportability under section 241(a)(9)(B) resulted from her failure to file the joint petition; such failure occurred 2 years after her admission for conditional permanent residence and accordingly did not render her 'excludable at the time of entry' within the meaning of section 241(f)(1)."

In *Reid v. Immigration & Naturalization Serv.,* 420 U.S. 619, 623, 95 S.Ct. 1164, 1167, 43 L.Ed.2d 501 (1975), the Supreme Court held that a ground of deportability different than section 241(a)(1) is not waivable under section 241(f). In *Reid,* a husband and wife entered the United States by falsely claiming that they were United States citizens. Based on their alleged citizenship, they entered the United States without the usual inspection to which an alien would be subjected. Afterward, the INS charged them as deportable under section 241(a)(2) because they entered without inspection.

The Court held that section 241(f) only applies to aliens who were "excludable at the time of entry," not to section 241(a)(2) grounds for deportability. Specifically, the Court stated:

Section 241(a)(2) establishes as a separate ground for deportation, quite independently of whether the alien was excludable at the time of his arrival, the failure of an alien to present himself for inspection at the time he made his entry.... [N]othing in the waiver provision of § 241(f), which by its terms grants relief against deportation of aliens "on the ground that they were excludable at the time of entry," has any bearing on the case.

*Id.*

Similarly, this case involves independent charges of deportability. Gawaran, who was admitted as a conditional permanent resident, was obligated to petition for removal of the condition within two years of her admission. 8 U.S.C. § 1186a(c) & (d)(2)(A). Gawaran did not file a petition to remove the condition, and her status as a permanent resident terminated. *See* 8 U.S.C. § 1186a(c)(2). This is a separate and independent ground for deportability, and it clearly is not an exclusion-on-entry ground. Instead, an alien can only obtain a conditional permanent resident status *after entry.* Her deportability on the 241(a)(9)(B) ground did not arise until January 18, 1989, which was the second anniversary of her admission for permanent residence, by which time she was required to file her petition for removal of the condition. Thus, insofar as the charge of deportability based on the termination of her permanent residence status, she was not "excludable at the time of entry," and the 241(f) waiver does not apply.[1]

## CONCLUSION

Neither the statutory language nor the case law supports Gawaran's argument that the scope of the section 241(f) waiver applies to the charge of deportability based on the termination of her permanent resident status under section 241(a)(9)(B) because that charge encompasses the same fraudulent conduct as the charges under section 241(a)(1). Accordingly, we conclude that the BIA correctly determined that she was deportable on an independent ground-the termination of her permanent resident status. We deny the petition.

---

1. We are not persuaded by Gawaran's argument that 241(f) relief applies not only to fraud at the time of entry but also to conduct which stems from the original fraud. In support of this argument, Gawaran relies on a pre-*Reid* case, *Immigration & Naturalization Serv. v. Errico*, 385 U.S. 214, 87 S.Ct. 473, 17 L.Ed.2d 318 (1966). *Reid,* while not overruling *Errico,* specifically limited it to its facts; i.e., to a fraudulent misrepresentation related to the documentation requirements in section 211(a). *See Reid,* 420 U.S. at 625–30, 95 S.Ct. at 1168–71. Thus, *Errico* does not apply to the facts of this case.