**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FLORENCE ACADEMIA CALMA, | No. 06-70052 |
| Petitioner, | Agency No. A045-471-108 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 6, 2009
San Francisco, California

Before: SCHROEDER and BERZON, Circuit Judges, and STROM, [**] District
Judge.

Florence Academia Calma Jones, a native and citizen of the Philippines,

seeks review of the denial of a good faith marriage waiver under 8 U.S.C. §

1186a(c)(4)(B). Having failed to submit a joint petition with her spouse before the

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Lyle E. Strom, Senior U.S. District Judge for District
of Nebraska, sitting by designation.

conclusion of her two-year conditional permanent residency, Calma bears the burden of showing that her marriage was entered into in good faith. *See* 8 U.S.C. § 1186a(c)(4).

Substantial evidence supports the Board of Immigration Appeals' ("BIA's") determination not to credit Calma's assertions of good faith, given the circumstances of the marriage. The record indicates that Calma and her husband never lived together, bought or held property together, or commingled any funds. Moreover, after a relative told Calma that she had paid Calma's husband to enter into the marriage, Calma continued to sign over her paychecks to a joint checking account controlled by the relative.

Calma also challenges the denial, on grounds of marriage fraud, *see* 8 U.S.C. § 1154(c), of an immediate relative visa petition, maintaining that had the visa been approved as it should have been, the order of removal could not stand. For the same reasons we have given with regard to the good faith marriage waiver, the determination that there was marriage fraud was necessarily supported by substantial evidence. As the visa question is thus essentially mooted by our good faith determination, we need not decide whether we may independently review the merits of a visa denial on a petition for review from a later removal order.

Calma next seeks review of the denial of an extreme hardship waiver under 8 U.S.C. § 1186a(c)(4)(A). To the extent that she relies on hardship resulting from the break-up of her second marriage, we lack jurisdiction to consider her argument because she did not make it before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 677 (9th Cir. 2004). As Calma has not, in her petition for review, identified record evidence of any other hardship that she would suffer upon removal, we need not decide whether the BIA's decision on the merits concerning the extreme hardship waiver is reviewable in this court.

Finally, Calma argues that she was entitled to a waiver of removability under 8 U.S.C. § 1227(a)(1)(H). Her argument is without merit. That provision operates to waive removal only when predicated on inadmissibility at the time of entry. *See Garawan v. I.N.S.*, 91 F.3d 1332, 1334-35 (9th Cir. 1996) (interpreting a prior version of § 1227(a)(1)(H)). Because Calma is subject to removal for failure to file a joint petition two years after entry, she is ineligible for the waiver in § 1227(a)(1)(H). *See id*. at 1335.

The petition for review is denied.