NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeal

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued October 4, 2011
Decided October 19, 2011

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

| | |
|---|---|
| No. 11-1819 | Petition for Review of an Order of the Board of Immigration Appeals |
| ALBA RODAS DE LINAREZ, | |
| *Petitioner*, | No. AO44-243-610 |
| *v.* | |
| ERIC H. HOLDER, JR., Attorney General of the United States *Respondent*. | |

**O R D E R**

Alba Rodas de Linarez, a citizen of Honduras, petitions this court to review an order of the Board of Immigration Appeals upholding an immigration judge's denial of Rodas's request under 8 U.S.C. § 1227(a)(1)(H) to waive removal. The government sought to remove her because in 1993 she had procured her admission by fraud. The Board upheld the determination of the IJ that Rodas was not eligible for a waiver because she was not "otherwise admissible" at the time of admission. Because Rodas was inadmissible for reasons apart from the 1993 fraud, we deny the petition.

Rodas entered the United States as a lawful permanent resident in 1993, after her then-husband, a United States citizen, filed a visa petition on her behalf. In her application for permanent residency, Rodas falsely denied any prior conviction or removal. She, in fact, had been removed in 1990 after being convicted of altering a passport to gain admission that same year. In 2007, Rodas sought to renew her lawful permanent residency and submitted to a biometrics investigation. The Department of Homeland Security discovered through the biometrics investigation that the INS had removed Rodas from the United States in 1990 for using the altered passport to gain admission, the crime for which she was convicted that year.

The Department of Homeland Security initiated removal proceedings before an IJ. The IJ found Rodas removable on three grounds: prior conviction of a crime involving moral turpitude (her 1990 conviction for "passport fraud"), 8 U.S.C. § 1182(a)(2)(A); applying for admission within five years of removal without permission of the Attorney General, *id.* § 1182(a)(6)(B) (1990); and misrepresenting a material fact on her 1993 application for an immigrant visa (her "application fraud"), *id.* § 1182(a)(6)(C). Rodas argued that she was eligible for a waiver of her removal under 8 U.S.C. § 1227(a)(1)(H). That provision empowers the Attorney General to waive removal for immigrants who commit fraud in order to gain admission to the United States, if the immigrant is "otherwise admissible" and has a qualifying relative, such as a spouse. The IJ denied the waiver. Putting to one side her 1993 application fraud, the IJ reasoned that Rodas's prior conviction in 1990 for using an altered passport and her application for reentry without permission of the Attorney General made Rodas "otherwise inadmissible" and therefore ineligible for a § 1227(a)(1)(H) waiver.

Rodas appealed the IJ's decision to the Board of Immigration Appeals, which dismissed the appeal. Before the Board, Rodas cited the hanging paragraph of § 1227(a)(1)(H), which provides that a fraud waiver covers any ground of inadmissibility "directly resulting from" the fraud. She argued that both her 1990 conviction and her 1993 application for reentry without permission, both of which the IJ found made her "otherwise inadmissible," were the direct results of her application fraud in 1993. As the direct results of her fraud, Rodas maintained, these two grounds could be waived under § 1227(a)(1)(H) along with the 1993 application fraud. But, the Board reasoned, Rodas's conviction for use of an altered passport in 1990 could not be waived under § 1227(a)(1)(H)'s hanging paragraph because the earlier conviction was not a direct result of her later application fraud in 1993. Having determined that the 1990 conviction could not be waived, the Board concluded that Rodas was not "otherwise admissible" and thus ineligible for a fraud waiver. This petition for judicial review followed.

In her petition, Rodas challenges the Board's conclusion that her 1990 conviction made her ineligible for a fraud waiver under 8 U.S.C. § 1227(a)(1)(H). She argues that the conviction was a "direct result" of her application fraud in 1993, and therefore § 1227(a)(1)(H) allows the Attorney General to waive removal based on the conviction as well. Because the Board issued its own decision, rather than merely adopting the IJ's decision, this court reviews the Board's order directly and can uphold the order only on a basis that the Board has articulated. *See Ni v. Holder*, 635 F.3d 1014, 1018 (7th Cir. 2011); *Moab v. Gonzales*, 500 F.3d 656, 659 (7th Cir. 2007). And because Rodas challenges a legal determination, this court reviews the determination de novo and affords deference to the Board's reasonable interpretations of the Immigration and Nationality Act. *INS v. Aguirre-Aguirre*, 526 U.S. 415, 425 (1999); *Gattem v. Gonzales*, 412 F.3d 758, 763 (7th Cir. 2005).

Under 8 U.S.C. § 1227(a)(1)(H), the Attorney General may waive removal based on fraud. The waiver is available only to immigrants who (1) possessed an immigrant visa or equivalent document at the time of admission, (2) are the parent, spouse, son, or daughter of a United States citizen, and (3) were "otherwise admissible" at the time of admission. *See id.* "Otherwise admissible" means "not excludable on some ground other than the entry fraud." *See INS v. Yueh-Shaio Yang*, 519 U.S. 26, 30–31 (1996). In this case, the "entry fraud" with which the government charged Rodas was lying on her 1993 application, and the dispute here is whether she was "otherwise admissible" apart from that entry fraud.

A fraud waiver forgives both the entry fraud and all grounds for removal "directly resulting from such fraud or misrepresentation." 8 U.S.C. § 1227(a)(1)(H). We have not defined when a ground for removal "directly results from" an act of fraud under § 1227(a)(1)(H), nor have most of our sister circuits. But the Ninth Circuit has. In *Vasquez v. Holder*, 603 F.3d 1003, 1015 (9th Cir. 2010), that court considered two grounds for removing a permanent resident alien: marriage fraud and termination of permanent residency based on the marriage fraud. The court concluded that because the event that warranted termination of residency status and the marriage fraud were the same event, § 1227(a)(1)(H) applied to both. *See id.* at 1016–17. But in Rodas's case, the conviction for passport fraud in 1990 happened before, and is an event separate from, her 1993 act of failing to disclose her conviction in her application. It is difficult to conceive how a 1990 event could directly result from an event that did not happen for another three years.

The Ninth Circuit illustrated the significance of timing in another decision. It considered whether an immigrant was ineligible for a § 1227(a)(1)(H) waiver with three grounds of inadmissibility: prior deportation, illegal return, and fraud in applying for permanent residence. *Corona-Mendez v. Holder*, 593 F.3d 1143, 1147 (9th Cir. 2010). When he applied for permanent residency, Corona-Mendez concealed his earlier deportation and illegal reentry. He argued that, under § 1227(a)(1)(H), these first two grounds of

inadmissibility should be treated as a single ground for removal along with his later concealment because the first two grounds were the subject of the concealment. *See id.* at 1148. But the court ruled that the prior deportation and the illegal return were "temporally and legally distinguishable from his later fraud on his applications." *Id.*

Rodas's situation is identical to Corona-Mendez's. Her 1990 conviction is "temporally and legally distinguishable from [her] subsequent fraud on [her] application[]." *Id.* Like Corona-Mendez's rejected argument, Rodas contends that because her prior conviction was the "subject of" her later application fraud, a § 1227(a)(1)(H) waiver could apply to both. But although her 1990 conviction was the subject of Rodas's 1993 application fraud, that earlier conviction could not directly result from her application fraud, as the statute requires, because the fraud happened three years *after* the conviction.

Invoking *INS v. Errico*, 385 U.S. 214, 222–24 (1966), Rodas urges that the subject (the 1990 conviction) of a fraud (the 1993 application) may result from the fraud. In *Errico*, an alien fraudulently inflated his labor skills on his application for admission in order to evade a quota restriction. The Supreme Court defined "otherwise admissible" in the predecessor version of 8 U.S.C. § 1227(a)(1)(H) not to bar the alien even though he was simultaneously inadmissible for both the fraud and the quota restriction. *See Errico* at 222–23. But the subject (the quota restriction) and the fraud (the false application) were contemporaneous events, unlike the conviction and application fraud here. In any case, in *Reid v. INS*, 420 U.S. 619 (1975), the Court held that *Errico*'s holding did not extend "to any of the grounds of excludability specified in § 121(a) other than [the quota restrictions]." *Reid*, 420 U.S. at 630; *see also Gawaran v. INS*, 91 F.3d 1332, 1335 n.1 (9th Cir. 1996) ("*Reid*, while not overruling *Errico*, specifically limited it to its facts."). *Reid* thus forecloses expanding the rule in *Errico* beyond quota restrictions and the direct results of the waived fraud. *Reid*, 420 U.S. at 630.

Accordingly, we DENY the petition for review.