NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3935
_____

GORDON NDOK TIMA,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
                                        Respondent
_____

On Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(BIA 1:A072-378-036)
Immigration Judge: Hon. Rosalind K. Malloy
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 19, 2015

Before: SMITH, JORDAN, and SLOVITER, *Circuit Judges*.

(Opinion filed: March 24, 2015)
_____

OPINION*
_____

JORDAN, *Circuit Judge*.

    Petitioner Gordon Ndok Tima, a native and citizen of Cameroon, seeks review of

_____

    * This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

an order of the Board of Immigration Appeals ("BIA") denying his application for a waiver of inadmissibility under 8 U.S.C. § 1227(a)(1)(H). For the following reasons, we will grant his petition and remand the matter to the BIA for further proceedings.

## I.      Background

Tima was admitted to the United States in 1989 as a nonimmigrant student. On September 22, 1994, his status was adjusted to conditional permanent resident after he got married to Sandra Marr, a United States citizen. On July 3, 1995, Marr gave a sworn statement to the Immigration and Nationalization Service that her marriage to Tima was a sham entered into only so Tima could obtain United States citizenship. Later, Tima was charged by an information in the United States District Court for the Eastern District of Virginia with one count of making false statements concerning his marriage, in violation of 18 U.S.C. § 1001. In 1996, he pled guilty to that charge. As part of the plea, he admitted that the marriage was a sham. In early 1997, Tima and Marr divorced, and he married Florence Fomundam, who was then a citizen of Cameroon, but became a naturalized U.S. citizen in 2002. Tima and Fomundam have three children, all of whom are United States citizens.

The Department of Homeland Security served Tima with a notice to appear in 2005 and, in 2008, filed it with the appropriate administrative agency.[1] The notice to appear charged that Tima was removable pursuant to 8 U.S.C. § 1227 (a)(1)(G)(ii) for entering a marital agreement for the purpose of procuring admission as an immigrant (the

---

[1] The 2005-2008 notice to appear was the third notice that the Department of Homeland Security served on Tima. It had previously served him with notices in 1996 and 1997, but had failed to file them.

2

"marriage fraud" charge), and pursuant to 8 U.S.C. § 1227(a)(2)(A)(i) because he was convicted of a crime involving moral turpitude (the "CIMT" charge), namely the false statement conviction stemming from the sham marriage. Tima denied his removability and sought a waiver of inadmissibility under 8 U.S.C. § 1227(a)(1)(H), which allows an alien who was inadmissible at the time of admission because he sought to procure an immigration benefit through fraud, but who is now related to a United States citizen, to seek a waiver of his removability. The government opposed the fraud waiver and, in 2010, filed an additional charge of removability, claiming that Tima was removable under 8 U.S.C. § 1227(a)(1)(D)(i) because his conditional permanent residence status was terminated automatically in 1996 when he failed to file a Form I-751[2] and, further, that his status was terminated pursuant to a Notice of Termination issued in 2010 based on his criminal conviction. Tima admitted that he failed to file the Form I-751.

The Immigration Judge ("IJ") sustained the charges of removability based on marriage fraud and the failure to file an I-751 form. In a subsequent ruling, the IJ pretermitted Tima's application for a fraud waiver and sustained the CIMT charge of removability. Tima argued at a later hearing that he was eligible for the fraud waiver. The IJ reconsidered her ruling in that regard and found Tima statutorily eligible for a waiver of the marriage-fraud charge of removability. The IJ, however, did not reach whether Tima's application warranted a favorable exercise of discretion because the IJ

---

[2] Form I-751 is a Petition to Remove the Conditions on Residence. The form must be filed within 90 days before the second anniversary of when an alien obtains conditional lawful permanent residence. Failure to file results in the automatic termination of permanent residence status. 8 C.F.R. §§ 1216.4(a)(1),(6).

decided that Tima remained removable based on his failure to file a Form I-751 and on the CIMT charge, which, according to the IJ, were two grounds for removal to which the fraud waiver did not extend.

On appeal to the BIA, Tima disputed that the fraud waiver does not apply to the CIMT and Form I-751 charges of removability. He essentially argued that the waiver applies to all of the charges because they all emanate from a single instance of fraud. The BIA disagreed and upheld the IJ's decision. It did not address whether the fraud waiver applies to the CIMT charge but concluded, as had the IJ, that Tima's failure to file a Form I-751 terminated his lawful status and that he is not eligible for a fraud waiver for the resulting inadmissibility. Tima never challenged the finding that his marriage fraud conviction was a CIMT nor did he seek a waiver under 8 U.S.C. § 1182, which provides a discretionary remedy for an alien who has committed a CIMT and is otherwise removable but who is married to a United States citizen and whose removal would create an extreme hardship to the alien or his citizen-spouse. 8 U.S.C. § 1182(h).

On August 27, 2013, the BIA dismissed Tima's appeal and this timely petition for review followed. The government has moved to dismiss the petition for lack of jurisdiction based on a failure to exhaust administrative remedies.

4

## II.      Discussion[3]

### A.      Jurisdiction

As a threshold matter, we consider the government's challenge to our jurisdiction. *See, e.g.*, *Jahjaga v. Att'y Gen.*, 512 F.3d 80, 82 (3d Cir. 2008).  We lack jurisdiction to review the denial of discretionary relief, including cancellation of removal,  8 U.S.C. § 1252(a)(2)(B)(i), but we may review "constitutional claims or questions of law raised upon a petition for review... ." *Id.* § 1252(a)(2)(D). Our jurisdiction in that respect is "narrowly circumscribed" in that it is limited to "colorable constitutional claims or questions of law." *Cospito v. Att'y Gen.*, 539 F.3d 166, 170 (3d Cir. 2008) (per curiam) (internal quotation marks and citation omitted).

Tima presents four arguments in his brief: (1) the fraud waiver applies to the order of removal for failure to file a Form I-751 because that failure was related to his marriage fraud; (2) termination of status for failure to file a Form I-751 is related to removal for fraud when an alien is convicted of marriage fraud before the 2-year anniversary of conditional lawful permanent resident status, and an alien should not be required to file a meritless Form I-751 in order to be eligible for a fraud waiver; (3) the BIA erred in pretermitting his application for a fraud waiver because, if the waiver is granted with respect to the marriage fraud charge of removability, it must also operate to waive

---

[3] The BIA had jurisdiction under 8 C.F.R. § 1003.1(b)(3); our jurisdiction pursuant to 8 U.S.C. § 1252(a)(1) is disputed and is addressed herein.  We review the BIA's legal conclusions de novo, subject to the principles outlined in *Chevron v. Natural Resources Defense Council*, 467 U.S. 837 (1984). *Catwell v. Att'y Gen.*, 623 F.3d 199, 205 (3d Cir. 2010).  There are no facts at issue.

5

removability for failure to file the Form I-751 and for the CIMT charge, as those charges directly result from the underlying fraud charge; and (4) the BIA erred in holding that his conditional permanent residence status terminated upon failing to file a Form I-751 because his status had already terminated when the Attorney General determined that he had committed marriage fraud.

In its motion to dismiss, the government asserts that we should dismiss Tima's petition for review for lack of jurisdiction because he never challenged his removability for committing a CIMT or sought a waiver under 8 U.S.C. § 1182(h). The government argues that Tima did not exhaust his administrative remedies and that the CIMT remains an independent basis for removal. That argument, however, is misplaced. As Tima notes in his response to the government's motion, he sought a fraud waiver to the charge of removability for committing a CIMT under 8 U.S.C. § 1227(a)(1)(H). The question of whether the fraud waiver applies to the CIMT charge was therefore raised before the BIA and is properly before us. It is immaterial whether Tima challenged the CIMT determination or sought a waiver under Section 1182(h) because the overarching legal issue of whether a fraud waiver can extend to the CIMT charge and to the Form I-751 charge was preserved, as was Tima's argument on the legal effect of his failure to file that form. Accordingly, we have jurisdiction.

### B. Grounds for Removal

Turning to the merits of Tima's arguments, there were, as we have noted, three asserted grounds for Tima's removal: marriage fraud, failure to file the Form I-751, and committing a CIMT. The IJ and the BIA correctly noted that the marriage fraud charge

6

was subject to the fraud waiver provision, but concluded that the failure to file Form I-751 and CIMT charge were not subject to that waiver. They thus did not reach the question of whether a discretionary waiver was appropriate. Tima asks us to extend the fraud waiver provision in § 1227(a)(1)(H) to reach his commission of a CIMT and his failure to file a Form I-751.

First, we need not consider whether the Section 1227 waiver reaches the failure to file the Form I-751, however, because the BIA's decision is infirm for another, perhaps dispositive, reason. The failure to file a Form I-751, under the facts of this case, cannot be understood to have the effect the government claims. Because Form I-751 must be filed within 90 days before the second anniversary of when an alien obtains conditional lawful permanent residence, Tima's Form I-751 would have been due on or about ninety days prior to September 22, 1996. The form would have required Tima to declare, under penalty of perjury, that his marriage to Marr was not for the purposes of obtaining immigration benefits. Before the form was due, however, he had pled guilty to entering into a sham marriage to Marr to obtain immigration benefits. Thus, if he had submitted the Form I-751, he would have committed perjury. Notwithstanding those historical facts, the IJ and the BIA, relying on *Garawan v. INS*, 91 F.3d 1332 (9th Cir. 1996), held that Tima's conditional permanent resident status automatically terminated when he failed to file that form. We reject the notion that Congress intended to suborn perjury or that any court intended to endorse such a reading of Section 1227(a)(1)(D)(i). While there may be circumstances where an alien is charged with marriage fraud and it is still appropriate for him to file a Form I-751, this is not such a case. Insofar as the IJ or the

7

BIA based the determination that Tima is removable on his failure to file a Form I-751, that conclusion cannot stand. As the Department of Homeland Security's own lawyer effectively pointed out during a hearing before the IJ, that position is untenable. (*See* A.R. at 75 ("[A]n I-751 was not filed. … [A]nd logically one wouldn't have been, he was convicted of marriage fraud.").) Thus, the BIA on remand may not rely on Tima's failure to file a Form I-751 as a basis for his removal, regardless of whether the fraud waiver in Section 1227(a)(1)(H) extends to that failure.

We also decline to decide whether Section 1227(a)(1)(H)'s fraud waiver extends to the CIMT charge.[4] The government argues that this claim remains unexhausted. But, as we have explained above, Tima did sufficiently exhaust it. The government is correct, however, that he has not exhausted the argument that he is eligible for a waiver under

_____

[4] A fraud waiver forgives both the entry fraud and all grounds for removal "directly resulting from such fraud or misrepresentation." 8 U.S.C. § 1227(a)(1)(H). Specifically, Section 1227(a)(1)(H) provides, "The provisions of this paragraph relating to the removal of aliens … may, in the discretion of the Attorney General, be waived ... . A waiver of removal for fraud or misrepresentation granted under this subparagraph shall also operate to waive removal based on the grounds of inadmissibility directly resulting from such fraud or misrepresentation." A number of our sister courts, relying on the first clause − "the provision of this paragraph" − have determined that the "resulting from" part of the fraud waiver provision, despite its unqualified language, only includes other grounds for removal that also happen to be contained in Section 1227(a)(1). *See, e.g.*, *Tagger v. Holder*, 736 F.3d 886, 890 (9th Cir. 2013); *Gourche v. Holder*, 663 F.3d 882, 886-87 (7th Cir. 2011); *see also Vasquez*, 602 F.3d at 1011-12 ("First, § [1227(a)(1)(H)] provides that 'the provisions of this paragraph relating to the removal of aliens within the United States on the ground that they were inadmissible at the time of admission as aliens described in the fraud provision may be waived.' 'This paragraph' refers to § [1227(a)(1).]") (emphasis and alterations omitted); *Fayzullina v. Holder*, No. 13-4335, 2015 WL 64641, at *8 (6th Cir. Jan. 6, 2015). Because we remand this case based on the erroneous ruling regarding Form I-751 and because that remand permits Tima to pursue an additional basis for relief on the CIMT charge, namely the Section 1182(h) waiver, we need not address this question, which could, if the BIA affords Tima discretionary relief under Section 1182(h), be wholly moot.

Section 1182(h) for the CIMT charge because he never raised it before the IJ or the BIA. *Castro v. Att'y Gen.*, 671 F.3d 356, 365 (3d Cir. 2012) (exhaustion applies on an issue-by-issue basis and the failure to exhaust one issue does not result in failure to exhaust another that was properly presented). We thus lack jurisdiction to consider the merits of eligibility for a waiver under that specific statutory subsection. Because we will grant Tima's petition on a different basis and because we decline to reach the merits of the Section 1182(h) claim, the BIA will have an opportunity to consider it for the first time on remand, thus allowing Tima the chance to properly exhaust it. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 338 & n.5 (3d Cir. 2011) ("The [g]overnment also argues that the claim that [the petitioner] is not a Bahamian citizen is unexhausted because it was never presented to the IJ or the BIA at all. Because we decline to reach the merits of this claim, the Board will have an opportunity to consider it for the first time on remand, thus allowing [the petitioner] to properly exhaust this claim."). In light of our conclusion as to the Form I-751 issue, if the BIA granted the Section 1182(h) waiver, it could render moot the question of whether § 1227(a)(1)(H) applies to the CIMT charge.

## III.    Conclusion

For the forgoing reasons, we will deny the government's motion to dismiss, grant Tima's petition, and remand this matter to the BIA for further proceedings consistent with this opinion.