# Matter of Gordon Ndok TIMA, Respondent

*Decided November 1, 2016*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

A fraud waiver under section 237(a)(1)(H) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(1)(H) (2012), cannot waive an alien's removability under section 237(a)(2)(A)(i) for having been convicted of a crime involving moral turpitude, even if the conviction is based on the underlying fraud.

FOR RESPONDENT: Matthew John Archambeault, Esquire, Philadelphia, Pennsylvania

FOR THE DEPARTMENT OF HOMELAND SECURITY: John B. Carle, Assistant Chief Counsel

BEFORE: Board Panel: COLE and MALPHRUS, Board Members; GELLER, Temporary Board Member.

COLE, Board Member:

This case is before us on remand from the United States Court of Appeals for the Third Circuit for further consideration of the respondent's eligibility for waivers under sections 212(h) and 237(a)(1)(H) of the Immigration and Nationality Act, 8 U.S.C. §§ 1182(h) and 1227(a)(1)(H) (2012). *Tima v. Att'y Gen. of U.S.*, 603 F. App'x 99 (3d Cir. 2015). The respondent's appeal will be dismissed.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Cameroon who was admitted to the United States as a student on August 24, 1989. On September 22, 1994, his status was adjusted to that of a conditional permanent resident based on his marriage to a United States citizen.[1] The respondent was convicted on January 26, 1996, of making materially false statements regarding his marriage in violation of 18 U.S.C. § 1001 (1994). On

---

[1] The record reflects that the respondent's first marriage to a United States citizen, which was the basis for his conditional permanent resident status, ended in divorce on January 17, 1997. On March 21, 1997, the respondent entered into his second marriage with another United States citizen.

January 9, 2008, the Department of Homeland Security ("DHS") commenced removal proceedings with the filing of a notice to appear, alleging that the respondent adjusted his status based on his marriage to a United States citizen, that he was convicted of making materially false statements regarding his marriage, and that his marriage was entered into solely for the purpose of obtaining immigration benefits. The respondent was charged with removability under sections 237(a)(1)(G)(ii) and (2)(A)(i) of the Act as an alien who has committed marriage fraud and who has been convicted of a crime involving moral turpitude, respectively. On April 29, 2010, the DHS terminated the respondent's conditional permanent resident status as of September 23, 1996.

The DHS then lodged an additional charge of removability under section 237(a)(1)(D)(i) of the Act that the respondent's conditional permanent resident status had been terminated. During the proceedings, the respondent admitted, through counsel, that he adjusted his status to that of a lawful permanent resident on a conditional basis. The respondent denied the allegations that he engaged in and was convicted of marriage fraud and that he married to obtain immigration benefits. He also denied the charges of removability. Ultimately, the Immigration Judge found that the record supported all of the allegations that the respondent had denied.

On April 19, 2010, the respondent filed a motion to terminate proceedings. He subsequently filed a prehearing brief, arguing that he was entitled to apply for a waiver of his marriage fraud under section 237(a)(1)(H) of the Act, which permits an Immigration Judge to waive certain grounds of inadmissibility relating to fraud at the time of an alien's admission or adjustment of status. He later filed a brief arguing that if he were granted the fraud waiver under section 237(a)(1)(H), he would be eligible for adjustment of status based on his current marriage to a United States citizen. The DHS opposed the respondent's motion and contested his eligibility for the waiver.

On October 27, 2010, the Immigration Judge issued an interlocutory decision denying the motion to terminate and pretermitting the application for a fraud waiver under section 237(a)(1)(H). In her decision, the Immigration Judge found that the respondent's conditional permanent resident status was automatically terminated, leaving him with no lawful permanent resident status. The Immigration Judge also determined that the respondent's conviction for making materially false statements regarding his marriage is for a crime involving moral turpitude, and she sustained the charge under section 237(a)(2)(A)(i) of the Act. She also found the respondent ineligible for a fraud waiver under section 237(a)(1)(H) because he was not charged with removability under section 237(a)(1)(A) of the Act as being inadmissible at time of adjustment of status.

On June 25, 2012, the Immigration Judge sua sponte reopened her interlocutory order finding the respondent ineligible for a section 237(a)(1)(H) fraud waiver and held that, pursuant to this waiver, the respondent is entitled to waive the marriage fraud charge under section 237(a)(1)(G)(ii) of the Act. She declined to make a discretionary determination regarding this waiver application because she concluded that even if she granted the waiver, the respondent would remain removable on the other charges. The Immigration Judge determined that the respondent was removable under section 237(a)(1)(D)(i) because the termination of his conditional permanent resident status was automatic by "operation of the law" for failure to file a Petition to Remove Conditions on Residence (Form I-751) and therefore was not the result of any underlying fraud. She also found him removable under section 237(a)(2)(A)(i) for his crime involving moral turpitude, which cannot be waived by section 237(a)(1)(H) of the Act. The respondent appealed from the Immigration Judge's decision.

We dismissed the appeal on August 27, 2013. We agreed with the Immigration Judge's determination that the respondent is ineligible for a waiver under section 237(a)(1)(H) of the Act because his conditional permanent resident status terminated when he failed to file a Form I-751, citing *Matter of Gawaran*, 20 I&N Dec. 938 (BIA 1995), *aff'd*, *Gawaran v. INS*, 91 F.3d 1332 (9th Cir. 1996) (finding that an alien whose conditional permanent resident status had been terminated for failure to file a Form I-751 was ineligible for waiver of deportability based on inadmissibility grounds relating to fraud). The respondent filed a petition for review of our decision.

Before the Third Circuit the respondent argued that the fraud waiver applies to the charge under section 237(a)(1)(D)(i) for failure to file a Form I-751. According to the respondent, termination of his status for failure to file the form is related to the underlying fraud because he was convicted of marriage fraud prior to the 2-year anniversary of his conditional permanent resident status, so he should not have been required to file a meritless Form I-751 in order to be eligible for the waiver. The respondent further asserted that we erred in pretermitting his application for a waiver under section 237(a)(1)(H), because if the waiver were granted with respect to the marriage fraud under section 237(a)(1)(G)(ii) of the Act, it must also operate to waive removability under sections 237(a)(1)(D)(i) and 237(a)(2)(A)(i) since those charges directly resulted from the underlying fraud. Finally, he claimed that we erred in holding that his conditional permanent resident status terminated upon his failure to file the Form I-751 because his status had already terminated when the Attorney General determined he had committed marriage fraud. The respondent also argued for the first time before the Third Circuit that he is eligible for a waiver

under section 212(h) of the Act, which waives, inter alia, inadmissibility under section 212(a)(2)(A)(i)(I) based on conviction for a crime involving moral turpitude.

In its opposition, the Government argued that the Third Circuit did not have jurisdiction to hear the respondent's petition because he neither challenged his removability for having been convicted of a crime involving moral turpitude nor sought a waiver under section 212(h) of the Act during the proceedings. The Government also argued that the respondent did not exhaust his administrative remedies and that his conviction for a crime involving moral turpitude remains an independent ground for removal that cannot be waived under section 237(a)(1)(H).

The Third Circuit found that the Government's arguments were misplaced because it is immaterial whether the respondent challenged the crime involving moral turpitude determination or sought a waiver under section 212(h) of the Act. According to the court, "[T]he overarching legal issue of whether a fraud waiver can extend to the [crime involving moral turpitude] charge and to the Form I-751 charge was preserved . . . ." *Tima*, 603 F. App'x at 102.

The Third Circuit declined to decide whether section 237(a)(1)(H) can waive a charge of removability under section 237(a)(1)(D)(i) relating to the respondent's failure to file the Form I-751 and concluded that we erred in applying *Gawaran*, 91 F.3d 1332, to the facts of this case. Since the respondent had already pled guilty to entering into a sham marriage to obtain immigration benefits before the Form I-751 was due, the court found that he would have had to commit perjury on the form if it were timely filed, because it required him to declare under penalty of perjury that his marriage was not entered into for the purpose of obtaining immigration benefits. The court held that under the specific facts of this case, we could not rely on the respondent's failure to file the Form I-751 as a basis for his removal under section 237(a)(1)(D)(i) of the Act, regardless of whether the section 237(a)(1)(H) fraud waiver would extend to that charge.

The Third Circuit also declined to consider the respondent's contention that his removability for having been convicted of a crime involving moral turpitude under section 237(a)(2)(A)(i) of the Act can be waived under section 237(a)(1)(H). The court remanded the record with instructions for us to consider the respondent's eligibility for a section 237(a)(1)(H) waiver of his removability under section 237(a)(2)(A)(i), along with his eligibility for a waiver under section 212(h) of the Act. The section 212(h) claim was not raised before the Immigration Judge or the Board, but the Third Circuit found that because the respondent sought a fraud waiver for the charge of removability based on his conviction for a crime involving moral turpitude,

it is proper for us to consider whether a waiver under either section 212(h) or 237(a)(1)(H) is applicable to that charge.

## II.  ISSUES

In this case, we must decide whether the provisions of section 237(a)(1)(H) of the Act can be used to waive an alien's removability under section 237(a)(2)(A)(i) for having been convicted of a crime involving moral turpitude where the conviction is based on the underlying fraud.  We must also address whether the respondent is eligible for waivers of inadmissibility under section 212 of the Act.

## III.  ANALYSIS

In his brief on remand, the respondent argues that he is eligible for a section 237(a)(1)(H) waiver, which can waive his removability under section 237(a)(2)(A)(i) of the Act.  He also claims that he is eligible for a section 212(h) waiver.  Additionally, for the first time, the respondent contends that he is eligible for a waiver under former section 212(c) of the Act, 8 U.S.C. § 1182(c) (1994), for his crime involving moral turpitude because a section 237(a)(1)(H) waiver leaves "intact his lawful status."

### A.  Waiver of Deportability Under Section 237(a)(1)(H) of the Act

According to the respondent, the plain language of section 237(a)(1)(H) provides a waiver for all grounds of inadmissibility or removability resulting from the fraud that rendered an alien inadmissible at the time of admission or adjustment of status.  He further asserts that since his removability under section 237(a)(2)(A)(i) for having been convicted of a crime involving moral turpitude directly resulted from materially false statements regarding his marriage made at the time of his adjustment of status, he is eligible for a section 237(a)(1)(H) waiver of that charge.  Based on our reading of the plain language of section 237(a)(1)(H), we conclude that it cannot waive removability under section 237(a)(2)(A)(i) of the Act.

Section 237(a)(1)(H) of the Act provides, in pertinent part, that "[t]he provisions of *this paragraph* relating to the removal of aliens within the United States on the ground that they were inadmissible at the time of admission as aliens described in section 212(a)(6)(C)(i), whether willful or innocent, may, in the discretion of the Attorney General, be waived . . . ." (Emphasis added.)  The phrase "this paragraph" refers only to section 237(a)(1) of the Act.  *See Vasquez v. Holder*, 602 F.3d 1003, 1011 (9th Cir. 2010) (construing the section 237(a)(1)(H) waiver as covering those

grounds of inadmissibility set out under section 237(a)(1) of the Act); *Matter of Fu*, 23 I&N Dec. 985, 987–88 (BIA 2006) (discussing Congress' intent in enacting section 237(a)(1)(H)). The respondent's conviction for a crime involving moral turpitude is a ground for removal under section 237(a)(2) of the Act—not section 237(a)(1).

Accordingly, section 237(a)(2)(A)(i) of the Act defines a ground of removability that is "legally distinct" from the grounds for removal contained in section 237(a)(1). *Gourche v. Holder*, 663 F.3d 882, 886 (7th Cir. 2011). In particular, the respondent's eligibility for a section 237(a)(1)(H) waiver depends not on whether that provision can waive the fraud underlying his conviction but on whether it can waive his removability under section 237(a)(2)(A)(i), which renders an alien removable for having been convicted of a crime involving moral turpitude. *See id.*

As a result, even though the respondent's crime involving moral turpitude charge under section 237(a)(2)(A)(i) of the Act is based on his conviction for marriage fraud, this charge of removability cannot be waived by section 237(a)(1)(H) of the Act. *See Fayzullina v. Holder*, 777 F.3d 807, 815–16 (6th Cir. 2015) (holding that section 237(a)(1)(H) only waives charges of removability under section 237(a)(1) and does not reach a charge of removability under section 237(a)(2)(A)(i), even if it is premised on a conviction for the underlying fraud); *Taggar v. Holder*, 736 F.3d 886, 890–91 (9th Cir. 2013) (holding the same with respect to a charge of removability under section 237(a)(3)(B)(iii) of the Act); *Gourche*, 663 F.3d at 886–87 (same); *El Shaer v. U.S. Att'y Gen.*, 331 F. App'x 974, 974 (3d Cir. 2009) (same).[2]

The respondent's argument is further undermined by the fact that section 237(a)(2)(A)(i) includes all convictions for crimes involving moral turpitude, not just those based on an alien's fraud at the time of his adjustment of status or admission, which is a much narrower subset of offenses. Thus, if we were to accept the respondent's argument that section 237(a)(1)(H) of the Act waives his removability under these circumstances, an Immigration Judge would be required to look at an alien's actual conduct to determine whether it was, in fact, based on the relevant fraud and therefore could be waived by section 237(a)(1)(H). Such an approach is in tension with the Supreme Court decisions in *Mathis v. United States*,

---

[2]   We note that the question presented here is analogous to the one we decided in *Matter of Bustamante*, 25 I&N Dec. 564, 570 (BIA 2011). In that case, we held that a waiver under section 212(h) of the Act cannot waive a removable offense that bars an alien from establishing eligibility for cancellation of removal under section 240A(b)(1)(C) of the Act, 8 U.S.C. § 1229b(b)(1)(C) (2006).

136 S. Ct. 2243, 2248, 2251 (2016), *Descamps v. United States*, 133 S. Ct. 2276, 2288 (2013), and *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684 (2013).

In those cases, the Supreme Court held that criminal convictions must be treated as relating to the least of the defendant's actions prohibited by the relevant statute *without* evaluating the defendant's underlying conduct. Requiring an Immigration Judge to determine whether a respondent's removability for having been convicted of a crime involving moral turpitude can be waived by looking at the underlying circumstances to ascertain whether the conduct involved fraud would therefore appear to be contrary to binding Supreme Court precedent, which prohibits consideration of such circumstances. Consequently, we conclude that the respondent's removability under section 237(a)(2)(A)(i) cannot be waived by section 237(a)(1)(H).

### B. Waiver of Inadmissibility Under Section 212(h) of the Act

Notwithstanding the respondent's contentions on remand, he is ineligible for a section 212(h) waiver of his removability under section 237(a)(2)(A)(i) of the Act for having been convicted of a crime involving moral turpitude because he is not an arriving alien seeking to waive a ground of inadmissibility or an alien in removal proceedings seeking to waive inadmissibility in conjunction with an application for adjustment of status. *See Matter of Rivas*, 26 I&N Dec. 130, 132–33 (BIA 2013) (holding that a waiver of inadmissibility under section 212(h) of the Act is not available on a "stand-alone" basis to an alien in removal proceedings without a concurrently filed application for adjustment of status); *Matter of Abosi*, 24 I&N Dec. 204, 205–06 (BIA 2007) (holding that an arriving alien seeking to return to the United States after a trip abroad need not apply for adjustment of status in conjunction with a section 212(h) waiver); *see also* 8 C.F.R. § 1245.1(f) (2016) (providing that an adjustment of status application is "the sole method of requesting the exercise of discretion under [section 212(h)] of the Act, as [it relates] to the inadmissibility of an alien in the United States"). Moreover, the respondent is not eligible for a nunc pro tunc waiver under section 212(h) of the Act. *See Matter of Rivas*, 26 I&N Dec. at 134 (concluding that a nunc pro tunc waiver is unavailable and cannot be used to avoid the requirement that an adjustment application be filed concurrently with a section 212(h) waiver request).

### C. Waiver of Inadmissibility Under Section 212(c) of the Act

Finally, the respondent asserts that granting the fraud waiver would leave his lawful permanent resident status "intact" and would render him

eligible for a waiver of his removability for having been convicted of a crime involving moral turpitude under former section 212(c) of the Act. However, because his claim for section 212(c) relief is being raised for the first time on remand, the issue is not properly before us.

In any event, the respondent conceded before the Third Circuit that his conditional permanent resident status terminated when the Attorney General determined that he had committed marriage fraud. *Tima*, 603 F. App'x at 102. Under these circumstances, we find no merit to the respondent's argument that he is eligible for section 212(c) relief. *See, e.g.*, *Matter of Lok*, 18 I&N Dec. 101, 105–06 (BIA 1981) (recognizing that an alien is no longer statutorily eligible for a section 212(c) waiver following the termination of his lawful permanent resident status).

## IV. CONCLUSION

We conclude that section 237(a)(1)(H) of the Act cannot waive an alien's removability under section 237(a)(2)(A)(i) for having been convicted of a crime involving moral turpitude, even where the conviction is based on the underlying fraud. Therefore, even if the respondent's removability based on fraud under section 237(a)(1) of the Act could be waived by section 237(a)(1)(H), he would remain removable under section 237(a)(2)(A)(i) because of his conviction for a crime involving moral turpitude. He is ineligible for any other form of relief that he has requested. Accordingly, the respondent's appeal will be dismissed.

**ORDER:** The appeal is dismissed.