RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 12a0251p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

_____

JOSE JESUS AVILA-ANGUIANO,

*Petitioner,*

*v.*

No. 11-3958

ERIC H. HOLDER, JR., Attorney General,

*Respondent.*

On Petition for Review of a Decision
of the Board of Immigration Appeals..
No. A044-118-140.

Argued: July 18, 2012

Decided and Filed: August 7, 2012

Before: SILER and KETHLEDGE, Circuit Judges; MURPHY, District Judge.<sup>*</sup>

_____

## COUNSEL

**ARGUED:** Noel J. Saleh, NOAH J. SALEH, P.C., Detroit, Michigan, for Petitioner. Jesse M. Bless, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent. **ON BRIEF:** Noel J. Saleh, NOAH J. SALEH, P.C., Detroit, Michigan, for Petitioner. Jesse M. Bless, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

## OPINION

_____

KETHLEDGE, Circuit Judge. The immigration statute grants the Attorney General discretion to waive certain misrepresentations as grounds for removing an alien

---

<sup>*</sup>The Honorable Stephen J. Murphy, III, United States District Judge for the Eastern District of Michigan, sitting by designation.

from the United States. 8 U.S.C. § 1227(a)(1)(H). This case concerns the scope of that discretion.

Jose Avila-Anguiano, a Mexican national, made two misrepresentations that render him "inadmissible" to the United States under 8 U.S.C. § 1182. The first occurred in 1991, when Avila-Anguiano told a border inspector, falsely, that he was a United States citizen. Avila-Anguiano pled guilty the next day to making a false claim of citizenship in violation of 8 U.S.C. § 1325. He then returned to Mexico. The second misrepresentation occurred in 1993, when Avila-Anguiano failed to disclose that same conviction on his application for an immigration visa. (He was by then the spouse of an American citizen.) The INS granted him the visa.

The government thereafter commenced removal proceedings against Avila-Anguiano under § 1182(a)(6)(C)(i), which provides that "[a]ny alien who, by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa . . . or admission into the United States . . . is inadmissible." Both parties agree that Avila-Anguiano's 1991 and 1993 misrepresentations fall within the scope of this provision, thereby rendering him subject to removal under 8 U.S.C. § 1227(a)(1)(A). But the parties also agree that § 1227(a)(1)(H) vests the Attorney General with discretion to waive, if he so chooses, the 1993 fraud as a ground for removing Avila-Anguiano from the United States.

What the parties dispute is whether § 1227(a)(1)(H) allows the Attorney General to waive the 1991 fraud as well. Avila-Anguiano contends the Attorney General has discretion to waive the 1991 fraud. The Attorney General says he lacks such discretion. The Board of Immigration Appeals agreed with the Attorney General.

Now the question is before us. The waiver provision provides in relevant part:

(H) Waiver authorized for certain misrepresentations

The provisions of this paragraph relating to the removal of aliens within the United States on the ground that they were inadmissible at the time of admission as aliens described in section 1182(a)(6)(C)(i) of this title

. . . may, in the discretion of the Attorney General, be waived for any alien . . . who—

> (i)(I) is the spouse, parent, son, or daughter of a citizen of the United States or of an alien lawfully admitted to the United States for permanent residence; and

> (II) was in possession of an immigrant visa or equivalent document and was otherwise admissible to the United States at the time of such admission except for those grounds of inadmissibility specified under paragraphs (5)(A) and (7)(A) of section 1182(a) of this title which were a direct result of that fraud or misrepresentation.

8 U.S.C. § 1227(a)(1)(H).

This provision generally allows the Attorney General to waive certain grounds of inadmissibility for aliens who (i) are family members of an American citizen or lawful permanent resident, (ii) entered the country with an immigrant visa (as opposed to entering without inspection), and (iii) were "otherwise admissible to the United States at the time of such admission[.]" *Id.* The first two of those requirements are undisputedly met here: Avila-Anguiano is the spouse of an American citizen and was in possession of an immigrant visa when he entered the United States in 1993.

But from there the parties disagree with respect to the "certain misrepresentations" that the Attorney General is granted discretion to waive. Avila-Anguiano argues that the waivable misrepresentations are simply those "described in section 1182(a)(6)(C)(i)[.]" 8 U.S.C. § 1227(a)(1)(H). Both the 1991 and 1993 misrepresentations undisputedly fall within that description, and thus, he says, both are waivable. The Attorney General responds that he has discretion to waive only the misrepresentation that the alien makes at the time of his otherwise-lawful admission—which in Avila-Anguiano's case would be only the 1993 misrepresentation. Thus, under this reading, the 1991 misrepresentation would remain a ground of inadmissibility even if the Attorney General waived the 1993 one—which means that Avila-Anguiano would not have been "otherwise admissible . . . at the time of [his 1993]

admission[,]" and hence not eligible for waiver of removal. 8 U.S.C. § 1227(a)(1)(H)(i)(II).

Choosing between these provisions requires a close reading of the statutory text. Section 1227(a)(1) lays out numerous grounds on which an alien is subject to removal. *See, e.g.*, § 1227(a)(1)(C) (overstaying a temporary visa), (a)(1)(G)(ii) (entering into a sham marriage). Section 1227(a)(1)(H) in turn allows the Attorney General to waive "[t]he provisions of" § 1227(a)(1) to the extent they render an alien removable on one ground in particular: that the alien was "inadmissible at the time of admission as [an] alien[] described in section 1182(a)(6)(C)(i) of this title[.]" Thus, if an alien is removable under § 1227(a)(1) on that particular ground—and the requirements of § 1227(a)(1)(H) are otherwise met—the Attorney General can waive § 1227(a)(1) to that extent, which means that he has discretion not to remove the alien on that ground.

The question more precisely stated, therefore, is whether Avila-Anguiano's 1991 misrepresentation rendered him "inadmissible at the time of [his 1993] admission *as [an] alien[] described in section 1182(a)(6)(C)(i) of this title*[.]" 8 U.S.C. § 1227(a)(1)(H) (emphasis added). If it did, then the Attorney General has discretion not to remove Avila-Anguiano on the basis of the 1991 misrepresentation (again so long as the other requirements of § 1227(a)(1)(H) are met).

The 1991 misrepresentation undisputedly made Avila-Anguiano an "alien[] described in section 1182(a)(6)(C)(i)" at the time of his 1993 admission. Again, § 1182(a)(6)(C)(i) provides that "[a]ny alien who, by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa . . . or admission into the United States . . . is inadmissible." Avila-Anguiano was such an alien at the time of his 1993 admission, because in 1991 he had "sought to procure . . . admission" to the United States by "willfully misrepresenting a material fact," *i.e.*, by telling a border agent that he was an American citizen. Indeed, the government's own charging document in Avila-Anguiano's removal proceeding expressly states that he was inadmissible at the time of his 1993 admission, as an alien described in section 1182(a)(6)(C)(i), *precisely because of his 1991 misrepresentation. See* A.R. 576 (stating that Avila-Anguiano was inadmissible in 1993 as an alien described in

§ 1182(a)(6)(C)(i) because "[y]ou applied for admission to the United States on September 11, 1991 at Hidalgo, Texas and falsely represented that you were a citizen of the United States").

That Avila-Anguiano was inadmissible at the time of his admission in 1993 means he is "deportable" under § 1227(a)(1)(A), which again is a provision cited (as authorizing removal) in the government's charging document. As just shown, however, the reason *why* Avila-Anguiano is removable under that subsection is that, as a result of his 1991 misrepresentation—and, as both parties agree, his 1993 one—Avila-Anguiano was "inadmissible at the time of [his 1993] admission as [an] alien[] described in section 1182(a)(6)(C)(i) of this title[.]" And that means the Attorney General can waive § 1227(a)(1)(A) to the extent it renders Avila-Anguiano removable as a result of both the 1991 and the 1993 misrepresentations (again so long as the other requirements of § 1227(a)(1)(H) are met).

The government responds that § 1227(a)(1)(H) has a temporal limitation: the only misrepresentation that the Attorney General has discretion to waive, the government says, is the misrepresentation made "at the time of admission," as that term is used in § 1227(a)(1)(H). The relevant time of admission here was 1993, so under the government's theory only the 1993 misrepresentation is waivable. But § 1227(a)(1)(H) states that the alien must be "*inadmissible* at the time of admission[,]" not that he must make his misrepresentation then. Moreover, the particular ground on which the alien must be inadmissible, for the waiver provision to apply, is that he is an "alien[] described in section 1182(a)(6)(C)(i) of this title[.]"  8 U.S.C. § 1227(a)(1)(H). And § 1182(a)(6)(C)(i) describes not only aliens who make misrepresentations at the time they "seek[] to procure" admission, but also an alien who "has *sought to procure*" admission based upon a prior misrepresentation. 8 U.S.C. § 1182(a)(6)(C)(i) (emphasis added). By its terms, therefore, this provision describes aliens who make misrepresentations before the time of admission. And based upon his 1991 misrepresentation, Avila-Anguiano was such an alien.

The government also argues, however, that § 1227(a)(1)(H)(i)(II) implies that the Attorney General can only waive misrepresentations that occur at the time of admission. That subsection provides that, in determining whether an alien was "otherwise admissible" at the time of admission, the Attorney General should disregard "those grounds of inadmissibility specified under paragraphs (5)(A) and (7)(A) of section 1182(a) of this title which were a direct result of that fraud or misrepresentation." But we do not read this language—including the reference to "that fraud or misrepresentation"—to imply that § 1227(a)(1)(H) reaches only misrepresentations that an alien makes at the time of admission. Instead, this provision merely states that, if a ground of inadmissibility under § 1182(a)(5)(A) or (7)(A) directly results from a particular fraud or misrepresentation, then the alien remains "otherwise admissible" despite that ground.

What matters, for purposes of whether the Attorney General has discretion to waive removal on the ground of a particular misrepresentation, is whether the misrepresentation rendered the alien "inadmissible at the time of admission" as an "alien[] described in section 1182(a)(6)(C)(i)[.]" The government's own charging document makes clear that Avila's 1991 misrepresentation had this effect. And it is undisputed that Avila-Anguiano has met the other requirements of § 1227(a)(1)(H). The Attorney General therefore has discretion not to remove Avila-Anguiano based upon his 1991 misrepresentation.

\*     \*     \*

We grant the petition for review, vacate the Board's August 10, 2011 order, and remand the case for proceedings consistent with this opinion.