**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4199
_____

GORDON NDOK TIMA,
                                    Petitioner

v.

ATTORNEY GENERAL,
UNITED STATES OF AMERICA,
                                    Respondent
_____

On Petition for Review of a Decision of the
United States Department of Justice
Board of Immigration Appeals
(BIA-1: A072-378-036)
Immigration Judge: Rosalind K. Malloy
_____

Argued April 30, 2018

Before: JORDAN, BIBAS, and SCIRICA, *Circuit Judges*

(Filed: September 6, 2018)
_____

Matthew J. Archambeault, Esq. [ARGUED]
Corpuz & Archambeault
1420 Walnut Street
Suite 1188
Philadelphia, PA 19102
        *Counsel for Petitioner*

Chad A. Readler, Acting Assistant Attorney General
Douglas E. Ginsburg, Assistant Director
Karen L. Melnik, Trial Attorney [ARGUED]
United States Department of Justice
Office of Immigration Litigation
Room 2308
P.O. Box 878
Ben Franklin Station
Washington, D.C. 20044
        *Counsel for Respondent*

_____

OPINION OF THE COURT
_____

BIBAS, *Circuit Judge*.

In the Immigration and Nationality Act, a waiver-of-removal provision is limited to waiving some grounds of removal without waiving all others that flow from the same facts. Here, a nonimmigrant student committed marriage fraud. His fraud made him inadmissible and was a crime involving moral turpitude. So he was removable based on his inadmissibility as well as his conviction, and was ordered to be removed.

Under the Act, some removal charges are based on grounds of inadmissibility and others are not. The Attorney General may waive a removal charge that is based on inadmissibility for misrepresenting a material fact to gain admission. If he does so, the Act automatically extends that fraud waiver to other removal provisions based on "grounds of inadmissibility directly resulting from such fraud or misrepresentation." 8 U.S.C. § 1227(a)(1)(H). But a removal charge based on a post-admission crime is not based on a "ground of inadmissibility." So the fraud waiver does not reach it. We will thus deny the petition for review.

## I. BACKGROUND

Gordon Ndok Tima, a native and citizen of Cameroon, entered the United States in 1989 on a nonimmigrant student visa. That visa expired. To stay past his student-eligibility period, he entered into a sham marriage with Sandra Marr. Law enforcement got wind of the fraud, and Marr confessed. Tima then pleaded guilty to a felony charge of making false statements, admitting to the sham. But the government did not promptly issue a notice to appear. So Tima moved on with his life. In 1997, he married Florence Fomundam, who is now a naturalized citizen. They have three children, all of whom are U.S. citizens.

The government issued Tima a notice to appear in 2003 and amended it in 2005 and 2010. It charged that he was removable for marriage fraud (8 U.S.C. § 1227(a)(1)(G)(ii)), for termination of conditional-permanent-resident status (§ 1227(a)(1)(D)(i)), and for a moral-turpitude conviction (§ 1227(a)(2)(A)(i)).

3

The immigration judge sustained all three charges. Tima applied for a fraud waiver under § 1227(a)(1)(H). The judge ruled that the fraud waiver could extend to the marriage-fraud charge but not to the moral-turpitude or termination-of-conditional-resident-status charges. The Board of Immigration Appeals affirmed.

On petition for review, this Court did not reach the fraud-waiver issue. But we granted Tima's petition because the judge and Board had erred in sustaining the charge for termination of conditional-permanent-resident status. *Tima v. Att'y Gen.*, 603 F. App'x 99, 103 (3d Cir. 2015). We remanded for the Board to consider whether the § 1227(a)(1)(H) fraud waiver extends to the moral-turpitude charge. *Id.* at 103-04.

On remand, the Board held that the fraud waiver does not reach removal for a conviction of a crime involving moral turpitude. *Matter of Tima*, 26 I. & N. Dec. 839, 843-44 (BIA 2016). The Board's holding followed three of our sister circuits' precedents addressing the same or similar provisions of the Act. *Id.* at 844 (citing *Fayzullina v. Holder*, 777 F.3d 807, 815-16 (6th Cir. 2015); *Taggar v. Holder*, 736 F.3d 886, 890-91 (9th Cir. 2013); *Gourche v. Holder*, 663 F.3d 882, 886-87 (7th Cir. 2011)).

Tima again petitioned for review. We have jurisdiction to review his final order of removal because Tima's petition raises an issue of law. 8 U.S.C. § 1252(a)(1), (a)(2)(D). We review de novo. *Alimbaev v. Att'y Gen.*, 872 F.3d 188, 194 (3d Cir. 2017).

## II. THE FRAUD WAIVER DOES NOT REACH REMOVAL BASED ON GROUNDS OTHER THAN INADMISSIBILITY

Everyone—the judge, the parties, and this Court—agrees that the fraud waiver reaches (i.e., can waive) Tima's removal under § 1227(a)(1)(G) for his inadmissibility based on his false claim of marriage. But Tima is removable for another distinct but related reason: his conviction for making false statements. He argues that the fraud waiver under § 1227(a)(1)(H) also reaches that moral-turpitude conviction, waiving his removal under § 1227(a)(2)(A)(i). But it does not.

The fraud waiver "also operate[s] to waive removal based on the grounds of inadmissibility directly resulting" from the underlying fraud. 8 U.S.C. § 1227(a)(1)(H). But Tima's removability under § 1227(a)(2)(A)(i) for a conviction of a crime involving moral turpitude is not based on a "ground of inadmissibility." So the fraud waiver does not reach that clause. This conclusion follows from the Act's text, structure, and application of the canons of construction.

### A. The fraud waiver's text limits it to "grounds of inadmissibility" addressed by "this paragraph"

Tima seeks to extend the fraud waiver beyond his marriage fraud to his false-statements conviction. But the text of the fraud waiver forecloses that argument.

The fraud waiver has three parts. The first part grants the Attorney General discretion to waive "[t]he provisions of this paragraph" for certain aliens. The second part lists eligibility conditions for the waiver. And the third part extends the scope of a discretionary waiver to removal charges based on

5

"grounds of inadmissibility directly resulting from such fraud or misrepresentation." Here is the waiver's entire text:

**[First part]**

*The provisions of this paragraph* relating to the removal of aliens within the United States on the ground that they were inadmissible at the time of admission *as aliens described in section 1182(a)(6)(C)(i)* [misrepresentation to gain admission] of this title, whether willful or innocent, may, in the discretion of the Attorney General, be waived for any alien (other than an alien described in paragraph (4)(D) [Nazi removal charge]) who—

**[Eligibility-conditions list]**

**(i)(I)** is the spouse, parent, son, or daughter of a citizen of the United States or of an alien lawfully admitted to the United States for permanent residence; and

**(II)** was in possession of an immigrant visa or equivalent document and was *otherwise admissible* to the United States at the time of such admission *except for those grounds of inadmissibility specified under paragraphs* (5)(A) [inadmissible because entering to perform unauthorized labor] and (7)(A) [inadmissible because applying for admission without proper documents] of section 1182(a) of this title which were a direct result of that fraud or misrepresentation.

**(ii)** is a VAWA self-petitioner.

**[Third part]**

A waiver of removal for fraud or misrepresentation granted under this subparagraph shall also operate to waive removal *based on the grounds of inadmissibility directly resulting from such fraud or misrepresentation.*

8 U.S.C. § 1227(a)(1)(H) (bracketed material and emphases added).

As we explain below, the text's first part limits discretionary waivers to § 1227(a)(1) removal charges based on § 1182(a)(6)(C)(i) inadmissibility grounds. And the third part extends only to § 1227(a)(1) removal charges based on inadmissibility under § 1182(a)(5)(A) (labor certification) or (a)(7)(A) (documentation) directly resulting from the fraud. So it does not extend to Tima's removal under § 1227(a)(2)(A)(i) for his moral-turpitude conviction.

1. *In the first part, the phrase "this paragraph" limits the waiver's scope to § 1227(a)(1) removal charges based on § 1182(a)(6)(C)(i) inadmissibility*. The first part limits the Attorney General's discretionary-waiver power not to this "section" or "subsection," but to "[t]he provisions of this paragraph." All three sister circuits to address this issue agree that the phrase "this paragraph" limits the waiver's scope to § 1227(a)(1). *See Fayzullina*, 777 F.3d at 815 (holding that the "waiver provision in § 1227(a)(1)(H) explicitly applies only to findings of removability based on paragraph (1)" of § 1227(a)); *Taggar*, 736 F.3d at 890 (same); *Gourche*, 663 F.3d at 887 (same).

In statutory drafting, "paragraph" has a technical meaning that forecloses Tima's argument. Congressional drafting manuals instruct drafters to break statutory sections down into subsections, paragraphs, subparagraphs, clauses, and subclauses. Lowercase letters mark subsections, Arabic numerals mark paragraphs, capital letters mark subparagraphs, romanette numerals mark clauses, and Roman numerals mark subclauses. Office of Legislative Counsel, U.S. House of Representatives, *House Legislative Counsel's Manual on Drafting Style*, HLC No. 104-1, at 24 (1995); Office of the Legislative Counsel, U.S. Senate, *Legislative Drafting Manual* 10 (1997); *see also Koons Buick Pontiac GMC, Inc. v. Nigh*, 543 U.S. 50, 60-62 (2004) (considering the technical meanings of "section" and "paragraph" in interpreting the Truth in Lending Act).

Section 1227 follows that format:

Section 1227: "Deportable aliens"

Subsection 1227(a): "Classes of deportable aliens"

Paragraph 1227(a)(1): "Inadmissible at time of entry or of adjustment of status or violates status"

Subparagraph 1227(a)(1)(H): "Waiver authorized for certain misrepresentations"

Clause 1227(a)(1)(H)(i)

Subclause 1227(a)(1)(H)(i)(I)

So when the first part of § 1227(a)(1)(H) refers to "[t]he provisions of this paragraph," it is referring to § 1227(a)(1). By its terms, the waiver does not extend beyond paragraph (a)(1)

8

to reach a different paragraph, (a)(2), as Tima argues. While a few cross-references do not hew to this usage, the section's structure accords with this reading.

Nor does the first part of § 1227(a)(1)(H) grant discretion to waive every removal charge in paragraph § 1227(a)(1). Instead, it grants discretion to waive only those (a)(1) removal charges based on § 1182(a)(6)(C)(i) inadmissibility. *Avila-Anguiano v. Holder*, 689 F.3d 566, 570 (6th Cir. 2012). Tima's moral-turpitude conviction does not qualify for § 1227(a)(1)(H)'s discretionary waiver because the conviction made him removable under § 1227(a)(2)(A)(i). So it is not a ground of removal under "this paragraph" based on § 1182(a)(6)(C)(i) inadmissibility.

2. *The third part is limited to waiving removal based on resulting "grounds of inadmissibility" that are consistent with the waiver's eligibility conditions.* The text of the third part expressly limits its scope to "waiv[ing] removal based on the grounds of inadmissibility directly resulting from such fraud or misrepresentation." 8 U.S.C. § 1227(a)(1)(H).

But Tima's removability for his moral-turpitude conviction is based *not* on a ground of inadmissibility, but rather on a post-admission crime. *See* § 1227(a)(2)(A)(i). Instead, (a)(2)(A) contains its own waiver provision. *See* § 1227(a)(2)(A)(vi). And Tima does not qualify, as that waiver requires a gubernatorial or presidential pardon. *Id.*

Nor does Tima's argument fit with the fraud waiver's structure. The list of eligibility conditions requires that the alien have been "otherwise admissible to the United States at the time of such admission" except for inadmissibility under

9

§ 1182(a)(5)(A) (entry to perform unauthorized labor) or (7)(A) (applying for admission without proper documents).

Those two narrow exceptions to the requirement that an alien be "otherwise admissible" limit the third part's scope. If an alien was inadmissible on other grounds, then he cannot qualify for the waiver in § 1227(a)(1)(H)'s first part. And if he does not qualify for the discretionary waiver in the first part, then the third part cannot "operate." So if the third part does "operate," it must be limited to removal based on the two "grounds of inadmissibility" explicitly excepted by the eligibility-conditions list in § 1227(a)(1)(H)(i)(II). *See Taggar*, 736 F.3d at 890-91.

Thus, the third part can waive removal only if it is based on the particular grounds of inadmissibility mentioned in the eligibility-conditions list. But Tima's removability is based on his moral-turpitude conviction, not on any ground of *inadmissibility*, let alone the two enumerated ones. So his claim fails.

**B. The Act's structure distinguishes inadmissibility from other grounds of removal**

The structure of the Immigration and Nationality Act confirms our reading of the text. The Act distinguishes inadmissibility from removability. Removability can be based on inadmissibility, or on post-admission crimes, or on a host of other grounds. In keeping with that structure, this fraud waiver extends only to removal based on *inadmissibility*, not on other grounds like post-admission crimes.

Section 1182 lists classes of "[i]nadmissible aliens." It provides that "aliens who are inadmissible … are ineligible to receive visas and ineligible to be admitted to the United States." 8 U.S.C. § 1182(a). But some inadmissible aliens nonetheless gain entry. And other aliens are validly admitted, but later become removable for other reasons.

Section 1227 defines "[d]eportable aliens," a synonym for removable aliens. It provides that "[a]ny alien … in and admitted to the United States shall … be removed if the alien is within one or more of the following classes of deportable aliens." 8 U.S.C. § 1227(a). One class of deportable aliens comprises those who are "[i]nadmissible at [the] time of entry or of adjustment of status or [who] violate[] status." 8 U.S.C. § 1227(a)(1).

So § 1227(a)(1) piggybacks on § 1182(a) by treating grounds of inadmissibility as grounds for removal as well. And the Act has long piggybacked these grounds for removal on these grounds of inadmissibility. *See Reid v. INS*, 420 U.S. 619, 623 (1975).

The fraud waiver works as part of § 1227(a)(1)'s piggybacking scheme. With few exceptions, mostly in (a)(4) (security grounds), § 1227(a) authorizes removal under paragraph (a)(1) for inadmissible aliens who somehow gain admission. The fraud waiver sits at the end of § 1227(a)(1), is expressly limited to the "provisions of this paragraph," and cross-references specific inadmissibility provisions of § 1182. All of these clues confirm § 1227(a)(1)(H)'s limited role in the Act's piggybacking scheme.

But Tima asks us to read the fraud waiver to reach his removability under § 1227(a)(2)(A)(i). That clause is based not on a ground of inadmissibility, but on a post-admission conviction. Like the rest of § 1227(a)(2)(A), removal for a moral-turpitude conviction requires committing a crime "*after* the date of admission." 8 U.S.C. § 1227(a)(2)(A)(i)(I) (emphasis added). So Tima's reading contradicts not only the Act's text, but also its structure.

**C. Canons of construction do not alter the meaning of the text**

1. *The third part of the fraud waiver does not trump the first part.* Tima responds that the third part of the fraud waiver is more specific than the first part, and the specific must control the general. But the two parts do not conflict. The first part gives the Attorney General discretion to waive (a)(1) charges based on § 1182(a)(6)(C)(i) inadmissibility. The third part extends the grant of that waiver to (a)(1) charges based on § 1182(a)(5)(A) or (7)(A) inadmissibility. So the specificity canon does not apply.

2. *While the Nazi cross-reference is surplusage, the surplusage canon does not outweigh the more natural meaning of the text.* Tima's stronger argument is that our reading makes one cross-reference surplusage. The first part disqualifies "alien[s] described in paragraph (4)(D)," "Participa[nts] in Nazi persecution," from eligibility for the discretionary waiver. § 1227(a)(1)(H). Tima argues that if the text disqualifies one class of aliens described outside of § 1227(a)(1), then it must reach other classes of aliens beyond that paragraph as well.

12

Otherwise, the Nazi disqualification would make no sense. This is indeed a cogent argument.

But the rule against surplusage "is not absolute." *Lamie v. U.S. Tr.*, 540 U.S. 526, 536 (2004). We can read the fraud waiver according to its text, at the cost of making the Nazi disqualification surplusage. Or we can read the waiver to avoid surplusage, at the expense of its more natural reading, the structure of the paragraph, and the structure of the Act. In this situation, "applying the rule against surplusage is, absent other indications, inappropriate." *Id.* So we "rest our holding on the statutory text." *Id.* at 542.

3. *No occasion for lenity.* Finally, Tima argues that we should resolve any ambiguities in his favor. But here, "[w]e think the application of the present statute clear enough that resort to the rule of lenity is not warranted." *Kawashima v. Holder*, 565 U.S. 478, 489 (2012).

\* \* \* \* \*

The fraud waiver's text and structure limit it to removal based on grounds of inadmissibility. It does not reach removal on other grounds, like conviction of a crime involving moral turpitude. So we join three other circuits in declining to read the fraud waiver more broadly, and will deny Tima's petition for review.