NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 17-3443

_____

RAMON LEWIS JOSEPH,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,

Respondent

_____

On Petition for Review of a Final Order
of the Board of Immigration Appeals
Immigration Judge:  Honorable Steven A. Morley
(No. A056-867-005)

_____

Submitted Under Third Circuit LAR 34.1(a)
January 7, 2019

Before: AMBRO, SHWARTZ and FUENTES, Circuit Judges

(Opinion filed: January 18, 2019)

_____

OPINION[*]

_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

AMBRO, Circuit Judge

Petitioner Ramon Joseph, a native and citizen of the Dominican Republic, first entered the United States in 1999 without inspection or admission by an immigration officer. At the time Joseph was the beneficiary of an I-130 petition filed by his brother that had been approved in 1991. In 2000, however, Joseph filed an application for asylum under a false name, Lionel Dalmasi, and gave a fabricated backstory of having fled from prosecution in Haiti. The Government began removal proceedings against Joseph, under his Dalmasi alias, in 2002. He returned to the Dominican Republic in March 2003, and shortly thereafter failed to appear at an immigration hearing in Boston. The Immigration Judge at that hearing therefore ordered him, still under his alias, removed *in absentia*.

Back in the Dominican Republic, Joseph began pursuing an immigration visa through legal channels, using his brother's I-130 petition. In February 2004 he went to the United States Consulate and signed a visa application that failed to disclose his earlier sojourn in the United States. A consular official approved his application the same day, and Joseph entered the United States, ostensibly as a lawful permanent resident, in April 2004.

In January 2012, returning from a visit to the Dominican Republic, Joseph was referred for secondary inspection by immigration officials who discovered his full immigration history. The Department of Homeland Security then began removal proceedings against him via a Notice to Appear in the Philadelphia immigration court. In September 2013 DHS filed a form I-261 providing updated factual allegations and

2

charges of removability. The three charges alleged that, at the time of his entry into the United States, Joseph was inadmissible because (1) he fraudulently procured his visa, violating 8 U.S.C. § 1182(a)(6)(C)(i), (2) he did not possess a valid entry document, violating 8 U.S.C. § 1182(a)(7)(A)(i)(I), and (3) he sought admission within 10 years of having been ordered removed, violating 8 U.S.C. § 1182(a)(9)(A)(ii). Joseph admitted to the factual allegations against him at hearings in February 2014 and February 2015.

At a hearing in May 2016, Joseph indicated that he was seeking a waiver of the grounds of inadmissibility stemming from fraud under 8 U.S.C. § 1227(a)(1)(H). The Immigration Judge set a deadline of July 5, 2016 for the Government to respond to this request for a waiver, a deadline the Government did not meet. Thus, at a merits hearing in October 2016 the Immigration Judge held the Government's arguments waived and granted the fraud waiver. He alternately held that the Government's arguments as to ineligibility were wrong on the merits.

The Board of Immigration Appeals reversed. First, it held that the Government's arguments were not waived, as the burden fell on Joseph to establish his eligibility for a waiver of removal. The Board then concluded that Joseph was ineligible for a fraud waiver because he had entered the country within 10 years of his *in absentia* removal order. This created a ground for removal independent of his fraud.

Joseph now petitions for review of the BIA's decision. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we review the BIA's legal conclusions *de novo*, subject to appropriate deference under *Chevron v. National Resources Defense Council, Inc.*, 467

3

U.S. 837, 844 (1984).  *See Cadapan v. Attorney General*, 749 F.3d 157, 159 (3d Cir. 2014).

On appeal Joseph argues that the BIA should not have set aside the sanctions imposed by the Immigration Judge for the Government's failure to follow procedural orders.  He also argues that the BIA erred in its conclusion that he is not eligible for a fraud waiver.  Neither argument is correct.  The regulation on which Joseph relies concerning waiver of the Government's arguments, 8 C.F.R. § 1003.31(c), states that, if a document is not filed within the time limit set by the Immigration Judge, "the opportunity to file that . . . document shall be deemed waived." This does not mean that the legal arguments contained in the document are waived or that the BIA has no power to consider those arguments on appeal.  And the Government is correct that, although it had the initial burden to show that Joseph was deportable, *see* 8 C.F.R. § 1240.8(a), he bore the burden of demonstrating his eligibility for relief from removal.  *See* 8 C.F.R. § 1240.8(d).

As to the merits, 8 U.S.C. § 1227(a)(1)(H) allows the Attorney General, in his discretion, to waive the removal of aliens who gained admission to the United States through fraudulent means but were otherwise admissible.  Such a waiver expressly covers all charges based on inadmissibility under § 1182(a)(6)(C)(i) for gaining immigration papers or admission into the United States by fraud or misrepresentation.  It also extends to removal based on any grounds of inadmissibility directly resulting from the fraud or misrepresentation.  In *Tima v. Attorney General*, 903 F.3d 272 (3d Cir. 2018), we held that this latter category covers only inadmissibility based on § 1182(a)(5)(A), for entry to

4

perform unauthorized labor, or § 1182(a)(7)(A), for entry without proper immigration documents. *Id*. at 275. *Tima* also confirms that an alien subject to removal on multiple grounds, only some of which are subject to a fraud waiver, is ineligible for a waiver. *Id*. at 277.

In this case, Joseph's charges of removability for fraudulently gaining admission and for entry without proper documentation are both subject to waiver under § 1227(a)(1)(H). The charge for having entered within 10 years of a removal order is another matter. Under *Tima*, that inadmissibility provision, § 1182(a)(9)(A)(ii), is not subject to a fraud waiver. Joseph argues he is not inadmissible under that waiver because his application for a fraud waiver in 2016 is a new request for admission more than 10 years after the removal order.

This misreads the statute. 8 U.S.C. § 1227(a) states that "[a]ny alien . . . in and admitted to the United States shall, upon the order of the Attorney General, be removed if the alien is within one or more of the following classes of deportable aliens." The primary ground for removal, § 1227(a)(1)(A), covers "[a]ny alien who at the time of entry or adjustment of status was within one or more of the classes of aliens inadmissible by the law existing at such time." Thus an alien's removability is based on his eligibility for admission at the time of his entry into the United States—in Joseph's case, April 2004. Section 1227(a)(1)(H) allows the Attorney General to waive removability if the only reason for an alien's inadmissibility at the time of entry stemmed from fraud in obtaining immigration documents. The granting of such a waiver is not a new admission into the United States. Section 1227(a) only applies to aliens who are already "in and admitted

5

to" the country. And § 1227(a)(1)(H) itself refers multiple times to the alien's admissibility "at the time of admission."

The question, then, is not whether § 1182(a)(9)(A)(ii) would bar Joseph's admission in 2016, but whether it barred his admission at the time of his entry in 2004. As this entry took place just one year after the *in absentia* removal order, Joseph clearly was inadmissible at that time. He is therefore removable subject to § 1227(a)(1)(A) for reasons unrelated to fraud and is not eligible for a fraud waiver under § 1227(a)(1)(H).

Thus we deny the petition for review.