**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3468
_____

ROSENDO RIVERA-RIVERA,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA
_____

On Petition for Review of an Order from The Department of
Homeland Security and the Executive Office for Immigration Review
(Agency No. A215-927-779)
Immigration Judge: Audra Behne
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 5, 2020

Before: SHWARTZ, RESTREPO and NYGAARD, Circuit Judges

(Opinion filed: June 9, 2020)
_____

OPINION[*]
_____

PER CURIAM

       Rosendo Rivera-Rivera seeks review of the final agency order authorizing his

removal from the United States.  We will deny the petition for review.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Rivera is a citizen of Mexico. He entered the United States without inspection or parole and was found removable on that basis. See 8 U.S.C. § 1182(a)(6)(A)(i). To block his removal, Rivera applied for cancellation of removal. A nonpermanent resident like Rivera is statutorily eligible for such relief if he demonstrates: (A) physical presence in the United States for at least the 10 years immediately preceding the date of his application; (B) "good moral character" during that time; (C) a record free of certain criminal convictions; and (D) "exceptional and unusual hardship" to a qualifying relative. 8 U.S.C. § 1229b(b)(1). Statutory eligibility, though, is necessary but not sufficient; an immigration judge (IJ) may still deny cancellation of removal as a matter of agency discretion. Cf. Barton v. Barr, 140 S. Ct. 1442, 1445 (2020).

The IJ in this case denied Rivera's application for cancellation of removal. Preliminarily, the IJ found that Rivera's testimony lacked credibility. The IJ then determined that Rivera failed to establish half of the statutory criteria and that, regardless, he was undeserving of relief as a matter of discretion.

The Board of Immigration Appeals (BIA) affirmed, but on narrower grounds: it concluded that Rivera failed to establish the requisite "hardship" under § 1229b(b)(1)(D). In addition, the BIA rejected Rivera's constitutional claim that his cancellation application had been hampered by ineffective assistance of counsel, concluding that there was "no clear error and no prejudice," AR 4, and that the claim was procedurally defective under Matter of Lozada, 19 I. & N. Dec. 637, 639 (BIA 1988). Cf. Fadiga v. Att'y Gen., 488 F.3d 142, 155 (3d Cir. 2007) (explaining that under Lozada an

ineffective assistance of counsel claim must be accompanied by, inter alia, an affidavit with relevant facts, and a demonstration that counsel was informed of the allegations and given an opportunity to respond). This petition for review followed.

## II.

We have jurisdiction to review final orders of removal and to consider any colorable constitutional issues and other questions of law raised in Rivera's opening brief. See 8 U.S.C. § 1252(a)(1), (a)(2)(D); see also Calderon-Rosas v. Att'y Gen., No. 19-2332, --- F.3d ---, 2020 WL 1982207, at *5 (3d Cir. Apr. 27, 2020). Our standard of review is de novo. See Tima v. Att'y Gen., 903 F.3d 272, 274 (3d Cir. 2018).

That said, we do not have jurisdiction to review a discretionary cancellation-of-removal determination. See 8 U.S.C. § 1252(a)(2)(B)(i); see also Evanson v. Att'y Gen., 550 F.3d 284, 288 (3d Cir. 2008). And unless there is a dispute about whether the correct standard was applied, we do not have jurisdiction to review a "hardship" determination under § 1229b(b)(1)(D), specifically. See Radiowala v. Att'y Gen., 930 F.3d 577, 582 (3d Cir. 2019). Accordingly, we lack jurisdiction to review Rivera's challenge to the agency's determination under § 1229b(b)(1)(D), limited as it is to the evidentiary basis of that determination. See Pet'r Br. 4-7.

## III.

"When the BIA issues a separate opinion," as it did here, "we review the BIA's disposition and look to the IJ's ruling only insofar as the BIA defers to it." Huang v. Att'y Gen., 620 F.3d 372, 379 (3d Cir. 2010). Thus, because the BIA did not defer to the

3

IJ's credibility and good moral character findings, or pass judgment on them at all, Rivera's challenges to those findings are inapt. See Pet'r Br. 7-13.

The only issue that is both germane to the BIA's decision and jurisdictionally susceptible of our review is the constitutional matter of allegedly deficient lawyering by Rivera's trial counsel. The BIA rejected this 'Lozada claim' in part because Rivera failed to supply an affidavit "setting forth in detail the agreement between himself and his legal representative and what actions were to be taken on his behalf." AR 4. Rivera does not challenge that dispositive procedural ruling, despite a colorable basis in which to do so. See Lu v. Ashcroft, 259 F.3d 127, 132-35 (3d Cir. 2001); cf. AR 32-33 (affidavit of trial counsel responding to allegations of ineffectiveness, attached to Rivera's brief filed with the BIA). So not only is the issue waived, see Garcia v. Att'y Gen., 665 F.3d 496, 502 (3d Cir. 2011), as amended (Jan. 13, 2012), but we could deny the petition for review without further comment.

We have nevertheless considered the merits of Rivera's Lozada claim, which arises under the Due Process Clause of the Fifth Amendment and requires two showings: (1) poor performance by counsel; and (2) prejudice. Contreras v. Att'y Gen., 665 F.3d 578, 584 (3d Cir. 2012). Prejudice in this context means a "significant possibility" that the IJ would not have ordered removal but for counsel's errors. Calderon-Rosas, 2020 WL 1982207, at *5.

Ultimately, a sufficient demonstration of prejudice is missing, even assuming counsel erred in the various ways described in Rivera's brief. See Pet'r Br. 13-17. Rivera points to no evidence—either in the record, or that counsel allegedly should have added

4

thereto—having the capacity to establish "that removal would result in exceptional and extremely unusual hardship" to his United States-citizen daughter (his qualifying relative). 8 U.S.C. § 1229b(b)(1)(D).  In fact, the evidence all runs contrary to Rivera's position.  In particular, the evidence shows that Rivera's daughter has never relied on her father for emotional or financial support; that she is not in ill health; that she will not join Rivera in Mexico if he is removed; and that she is essentially a stranger to Rivera. See, e.g., AR 140 (Rivera:  "Her name is – I don't have.  I don't recall exactly right now exactly her name. * * * [T]he truth is almost never have I lived with her."); cf. In re Monreal-Aguinaga, 23 I. & N. Dec. 56, 58 (BIA 2001) (explaining that for purposes of satisfying § 1229b(b)(1)(D), "hardship to the applicant for relief is not considered; only hardship to the alien's United States citizen or lawful permanent resident spouse, parent, or child may be considered").  Accordingly, there is no possibility that counsel's performance affected the outcome in this case.

IV.

For the reasons outlined above, Rivera's petition for review will be denied.

5