# Matter of Jorge MORADEL, Respondent

*Decided June 23, 2021*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) An applicant for adjustment of status with Special Immigrant Juvenile status may, in conjunction with a waiver under section 245(h)(2)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1255(h)(2)(B) (2018), seek to waive his or her inadmissibility under section 212(a)(2)(A)(i)(II) of the Act, 8 U.S.C. § 1182(a)(2)(A)(i)(II) (2018), based on a single offense of simple possession of 30 grams or less of marijuana.

(2) The "simple possession" exception at section 245(h)(2)(B) calls for a circumstance-specific inquiry into the nature of the conduct surrounding an applicant's simple possession offense.

FOR RESPONDENT: Anna K. Byers, Esquire, Newark, New Jersey

FOR THE DEPARTMENT OF HOMELAND SECURITY: Patricia M. Medeiros, Assistant Chief Counsel

BEFORE: Board Panel: GREER and O'CONNOR, Appellate Immigration Judges; LIEBMANN, Temporary Appellate Immigration Judge.

O'CONNOR, Appellate Immigration Judge:

In a decision dated November 18, 2019, an Immigration Judge found that the respondent was ineligible for a waiver of inadmissibility under section 245(h)(2)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1255(h)(2)(B) (2018), and thus ineligible for adjustment of status under section 245(a) of the Act. The respondent has appealed from this decision. The appeal will be sustained, and the record will be remanded for further proceedings.[1]

## I. FACTUAL BACKGROUND

The respondent is a native and citizen of Honduras, who was born in 1995 and entered the United States without being admitted or paroled when he was approximately 4 years old. In 2013, he was placed in removal proceedings

---

[1] We acknowledge with appreciation the brief submitted on behalf of Public Counsel, Catholic Legal Immigration Network, Inc., and Children's Rights as amici curiae.

and conceded his removability. He subsequently filed a petition to be classified as a Special Immigrant Juvenile, which was approved. In December 2017, the respondent was convicted of possession of 50 grams or less of marijuana in violation of section 2C:35-10(a)(4) of the New Jersey Statutes Annotated. Before the Immigration Judge, the respondent conceded that his conviction rendered him inadmissible under section 212(a)(2)(A)(i)(II) of the Act, 8 U.S.C. § 1182(a)(2)(A)(i)(II) (2018), as an alien convicted of an offense relating to a controlled substance.

The respondent sought relief from removal in the form of adjustment of status under section 245(a) of the Act. However, the Immigration Judge found that his inadmissibility under section 212(a)(2)(A)(i)(II) of the Act rendered him ineligible for this relief because it prevented him from establishing that he was "admissible to the United States" pursuant to section 245(a)(2) of the Act. The respondent asked the Immigration Judge to grant him a waiver of inadmissibility under section 245(h)(2)(B) of the Act. That section applies to applicants for adjustment of status with Special Immigrant Juvenile status, and provides that

> the Attorney General may waive other paragraphs of section 212(a) (other than paragraphs (2)(A), (2)(B), (2)(C) (*except for so much of such paragraph as related to a single offense of simple possession of 30 grams or less of marijuana*), (3)(A), (3)(B), (3)(C), and (3)(E)) in the case of individual aliens for humanitarian purposes, family unity, or when it is otherwise in the public interest.

Section 245(h)(2)(B) of the Act (emphasis added); *see also* 8 C.F.R. § 1245.1(e)(3) (2020).

The respondent argued that his inadmissibility under section 212(a)(2)(A)(i)(II) can be waived under section 245(h)(2)(B) of the Act because section 2C:35-10(a)(4) reaches offenses involving the simple possession of 30 grams or less than of marijuana. However, the Immigration Judge disagreed, concluding that the respondent was ineligible for a section 245(h)(2)(B) waiver because the "simple possession" exception in that provision only waives an applicant's inadmissibility under section 212(a)(2)(C) of the Act, which applies to aliens reasonably believed to have engaged in illicit trafficking. The respondent challenges the Immigration Judge's interpretation on appeal. We review de novo the scope of the "simple possession" exception in section 245(h)(2)(B) of the Act and whether that provision can waive the respondent's inadmissibility under section 212(a)(2)(A)(i)(II) of the Act. *See* 8 C.F.R. § 1003.1(d)(3)(ii) (2020).

## II.  ANALYSIS

### A.  Scope of 245(h)(2)(B) Waiver

We recognize that the canon of statutory construction known as the "rule of the last antecedent" lends some support to the Immigration Judge's conclusion.  *Lockhart v. United States*, 577 U.S. 347, 351 (2016) (citation omitted).  Under that rule, "a limiting clause or phrase . . . should ordinarily be read as modifying only the noun or phrase that it immediately follows." *Id.* (citation omitted) (stating that this "rule reflects the basic intuition that when a modifier appears at the end of a list, it is easier to apply that modifier only to the item directly before it"); *see also Barnhart v. Thomas*, 540 U.S. 20, 26 (2003).

However, the last-antecedent rule is "not an absolute and can assuredly be overcome by other indicia of meaning."  *Paroline v. United States*, 572 U.S. 434, 447 (2014) (citation omitted).  In this regard, the structure of section 245(h)(2)(B) indicates that the last-antecedent rule is insufficient for understanding the scope of the "simple possession" exception.  *See Lockhart*, 577 U.S. at 355 (acknowledging that "structural or contextual evidence may 'rebut the last antecedent inference'" (citation omitted)).  Section 245(h)(2)(B) contains a parenthetical clause listing provisions under sections 212(a)(2) and (3), and the "simple possession" exception is integrated into this parenthetical directly after the list of provisions under section 212(a)(2) but before the list of provisions under section 212(a)(3).  This structure suggests that the "simple possession" exception modifies all of the provisions listed under section 212(a)(2) but does not apply to the list of provisions under section 212(a)(3).  *See Jama v. ICE*, 543 U.S. 335, 344 n.4 (2005) (explaining that the last-antecedent rule would not apply where the "modifying clause appeared . . . at the end of a single, integrated list").[2]

The plain language of section 245(h)(2)(B) of the Act also persuades us that the last-antecedent rule is insufficient for understanding the scope of the "simple possession" exception.  *See Pereira v. Sessions*, 138 S. Ct. 2105, 2117 (2018) (relying on "plain language and statutory context" in interpreting a provision of the Act).  We find it significant that section 245(h)(2)(B) provides that we may "waive other *paragraphs* of *section* 212(a) (other than *paragraphs* (2)(A), (2)(B), (2)(C) (except for so much of *such paragraph* as related to a single offense of simple possession of 30 grams or less of marijuana), (3)(A), (3)(B), (3)(C), and (3)(E))."

---

[2]  By contrast, the last-antecedent rule would be applicable if the "simple possession" exception appeared with section 212(a)(2)(C) in a distinct clause that "ends with a period, strongly suggesting that [the clause] may be understood completely without reading any further."  *Jama*, 543 U.S. at 344.

(Emphases added.)   The terms "section" and "paragraph" have distinct, technical meanings in Federal statutes.  Congressional drafters are required to break Federal statutory sections into subsections, paragraphs, subparagraphs, clauses, and subclauses and mark each subdivision with a specific type of symbol.  Office of Legislative Counsel, U.S. House of Representatives, *House Legislative Counsel's Manual on Drafting Style*, HLC No. 104-1, at 23–24 (1995); *see also Tima v. Att'y Gen.*, 903 F.3d 272, 276 (3d Cir. 2018).   As relevant here, congressional drafters mark subsections with lowercase letters, paragraphs with Arabic numerals, and subparagraphs with capital letters.  *Tima*, 903 F.3d at 276 (citing HLC No. 104-1, at 24).  So when the "simple possession" exception uses the phrase "such paragraph," it is clearly referring to paragraph 212(a)(2) in its entirety—not just to *sub*paragraph 212(a)(2)(C) of the Act, its nearest antecedent.

Other canons of statutory construction support this conclusion.  "When several words are followed by a clause which is applicable as much to the first and other words as to the last, the natural construction of the language demands that the clause be read as applicable to all."  *Paroline*, 572 U.S. at 447 (citation omitted).  The "simple possession" exception is just as applicable to section 212(a)(2)(A)(i)(II) as it is to sections 212(a)(2)(B)[3] and (C) of the Act, and thus the natural reading of that exception is that it applies with equal force to sections 212(a)(2)(A), (B), *and* (C) of the Act.

Furthermore, courts generally do not apply the "rule of the last antecedent" if doing so "would require accepting 'unlikely premises.'"  *Id.* (citation omitted); *see also Lockhart*, 577 U.S. at 355.   Although the Immigration Judge found that the "simple possession" exception only waives inadmissibility under section 212(a)(2)(C) for suspected traffickers, illicit trafficking has long been viewed as a significantly more serious crime than simple possession because trafficking requires distribution, exchange, or some form of transfer of controlled substances from one person to another. *See, e.g.*, *Lopez v. Gonzales*, 549 U.S. 47, 53 (2006) ("[O]rdinarily 'trafficking' means some sort of commercial dealing."); *Urena-Ramirez v. Ashcroft*, 341 F.3d 51, 57 (1st Cir. 2003) (defining "'illicit trafficking' as illegally 'trading, selling or dealing' in specified goods" (citation omitted)). And simple possession is by definition *not* illicit trafficking, since simple possession does not involve any intent to transfer or exchange.   *See Carachuri-Rosendo v. Holder*, 560 U.S. 563, 574 (2010) (explaining that a "petty simple possession offense is not typically thought of as . . . 'illicit trafficking'" since "commercial dealing" "is no[t] [an] element of simple

---

[3]   Section 212(a)(2)(B) of the Act renders aliens inadmissible if they are convicted of two or more offenses with an aggregate sentence to confinement of 5 years or more, including convictions for offenses relating to simple possession.

possession" (citations omitted)). Thus, under the Immigration Judge's interpretation, an individual with Special Immigrant Juvenile status with a single conviction for simple possession of 30 grams or less of marijuana would rarely, if ever, qualify for a waiver under section 245(h)(2)(B), while a person with a more serious trafficking conviction would. We conclude that this "unlikely premise" rebuts the "the last antecedent inference." *Lockhart*, 577 U.S. at 355–56 (citation omitted).[4]

Because simple possession does not qualify as trafficking, the last-antecedent rule would also effectively read the "simple possession" exception out of section 245(h)(2)(B) of the Act. It is "one of the most basic interpretive canons . . . that [a] statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant." *Rubin v. Islamic Republic of Iran*, 138 S. Ct. 816, 824 (2018) (alteration in original) (citation omitted). The rule against surplusage lends further support to our conclusion that the last-antecedent rule is inapplicable and the "simple possession" exception in section 245(h)(2)(B)

---

[4]   The legislative history of similar provisions underscores our conclusion that this is an "unlikely premise" because this history indicates that Congress intended section 245(h)(2)(B) to waive the simple possession of marijuana, and it did not intend the waiver to apply to trafficking offenses at all. In 1981, Congress first added provisions to the Act waiving an alien's excludability and deportability—now inadmissibility and deportability—for "a single offense of simple possession of 30 grams or less of marihuana." Immigration and Nationality Act Amendments of 1981, Pub. L. No. 97-116, §§ 2(c)(2), 4(3), 8, 95 Stat. 1611, 1611–12, 1616 (codified at former sections 101(f), 212(h), and 241(f)(2) of the Act, 8 U.S.C. §§ 1101(f), 1182(h), and 1251(f)(2) (1982)). During passage, the House issued a report explicitly stating that one of these provisions— amending the definition of good moral character under former section 101(f)—was intended to provide greater flexibility in cases involving "minor drug offenses (*not involving trafficking in narcotics*)." H.R. Rep. No. 96-1301, at 25 (1980) (emphasis added); *see also id.* at 51. The Senate agreed, but it narrowed the exception to a single offense of simple possession of 30 grams or less of marijuana, and the amended language in this and other provisions was adopted without further discussion. *See* 127 Cong. Rec. 23,776 (1981) (statement of Rep. McClory) (stating that the amended statutory language is "now limited explicitly to simple possession of marihuana" and excludes "trafficking"); *see also id.* at 32,008 (statement of Sen. Simpson). Although section 245(h)(2)(B) has limited legislative history, given that Congress intended other, similarly-worded provisions to reach only simple possession, not trafficking offenses, it is unlikely that Congress intended the "simple possession" exception in section 245(h)(2)(B) to apply only to trafficking offenses under section 212(a)(2)(C) but not to the simple possession of marijuana under 212(a)(2)(A)(i)(II). *See Matter of Moncada*, 24 I&N Dec. 62, 65–67 (BIA 2007) (concluding, based on the same legislative history, that the similarly-worded "personal use" exception under section 237(a)(2)(B)(i) of the Act, 8 U.S.C. § 1227(a)(2)(B)(i) (2006), was intended to cover "the *simple possession* of small amounts of marijuana").

applies to all of the provisions listed under section 212(a)(2), including the ground of inadmissibility at section 212(a)(2)(A)(i)(II) of the Act.

We additionally observe that the "simple possession" exception and a similar "personal use" exception appear in numerous places throughout the Act. *Compare* sections 101(f)(3), 210(c)(2)(B)(ii)(III), 212(h), 244(c)(2)(A)(iii)(II), 245(h)(2)(B), 245A(d)(2)(B)(ii)(II) of the Act, 8 U.S.C. §§ 1101(f)(3), 1160(c)(2)(B)(ii)(III), 1182(h), 1254a(c)(2)(A)(iii)(II), 1255(h)(2)(B), 1255a(d)(2)(B)(ii)(II) (2018) ("simple possession"), *with* section 237(a)(2)(B)(i) of the Act, 8 U.S.C. § 1227(a)(2)(B)(i) (2018) ("personal use").[5] The broad phrasing of these exceptions also supports our conclusion that Congress intended the "simple possession" exception in section 245(h)(2)(B) to be applied broadly. *But see* section 212(h) of the Act (waiving sections 212(a)(2)(A)(i)(II) and (B) but excluding section 212(a)(2)(C) from the waiver). We therefore hold that an applicant for adjustment of status with Special Immigrant Juvenile status may, in conjunction with a waiver under section 245(h)(2)(B) of the Act, seek to waive his or her inadmissibility under section 212(a)(2)(A)(i)(II) of the Act based on a single offense of simple possession of 30 grams or less of marijuana.[6]

### B.  "Simple Possession" Exception is Circumstance-Specific

Having determined that section 245(h)(2)(B) can waive an applicant's inadmissibility under section 212(a)(2)(A)(i)(II) of the Act arising from a single offense of simple possession of 30 grams or less of marijuana, we must now address how to determine whether an applicant's offense falls within the "simple possession" exception. The respondent argues that we should determine whether an offense falls within this exception using the categorical approach. The Immigration Judge found that the circumstance-specific approach—"that is, an inquiry into the nature of the conduct that caused [the respondent] to become inadmissible"—was appropriate, but she did not apply this approach below. *Matter of Martinez Espinoza*, 25 I&N Dec. 118, 124 (BIA 2009) (citing *Nijhawan v. Holder*, 557 U.S. 29, 32 (2009)), *abrogated on other grounds by Mellouli v. Lynch*, 575 U.S. 798 (2015). We agree with the Immigration Judge and will remand the

---

[5]  *See Esquivel v. Lynch*, 803 F.3d 699, 703–05 (5th Cir. 2015) (explaining the differences between the "simple possession" and "personal use" exceptions).

[6]  We leave for another day whether there are any circumstances under which the "simple possession" exception may waive inadmissibility under section 212(a)(2)(B) or (C) of the Act, because this case does not present that question.

record for her to apply the circumstance-specific approach to the respondent's case in the first instance.

We previously held that the circumstance-specific approach applies in determining whether, for purposes of a waiver under section 212(h), an applicant committed "a single offense of simple possession of 30 grams or less of marijuana." *Id.* at 124–25.[7] We reasoned that this language invited a circumstance-specific inquiry under *Nijhawan* because it "referenc[ed] a specific type of conduct (simple possession) committed on a specific number of occasions (a 'single' offense) and involving a specific quantity (30 grams or less) of a specific substance (marijuana)." *Id.* at 124. Because the "simple possession" exception at section 245(h)(2)(B) contains identical language and is defined just as narrowly as the exception under section 212(h), we conclude that it also calls for a circumstance-specific inquiry into the nature of the conduct surrounding an applicant's simple possession offense. *See Pereira*, 138 S. Ct. at 2115 ("[I]t is a normal rule of statutory construction that identical words used in different parts of the same act are intended to have the same meaning." (citation omitted)).[8]

The respondent counters that *Nijhawan* analyzed the aggravated felony ground of removability at section 101(a)(43)(M)(i) of the Act, which renders an alien removable for an offense that involves fraud or deceit "in which" the loss to the victim exceeds $10,000. He argues that the phrase "in which" in this provision indicates that the circumstance-specific approach applies, whereas the "simple possession" exception includes the phrase "related to," which the Court in *Mellouli* found calls for a categorical inquiry.

We are unpersuaded by the respondent's argument. *Mellouli* dealt with the proper method for assessing an alien's removability; it did not address the distinct issue here: the proper method for determining an alien's eligibility for a waiver of inadmissibility. The Court has long held that the categorical approach applies when evaluating an alien's removability, particularly where the ground of removability at issue requires a "conviction." *See, e.g., Moncrieffe v. Holder*, 569 U.S. 184, 190–91

---

[7] We disagree with the respondent's contention that *Mellouli* abrogated our holding in *Matter of Martinez Espinoza* that section 212(h) calls for a circumstance-specific inquiry. The Court in *Mellouli* specifically abrogated the portion of our decision addressing the ground of inadmissibility under section 212(a)(2)(A)(i)(II) of the Act; it did not disagree with, nor did it address, our discussion of 212(h). *See Mellouli*, 575 U.S. at 809 (citing *Matter of Martinez Espinoza*, 25 I&N Dec. at 120–21).

[8] We have likewise concluded that the "personal use" exception in section 237(a)(2)(B)(i) of the Act, which contains similarly narrow language, calls for a circumstance-specific inquiry. *See Matter of Davey*, 26 I&N Dec. 37, 39 (BIA 2012). We reaffirmed *Davey* in *Matter of Dominguez-Rodriguez*, 26 I&N Dec. 408, 411–12 (BIA 2014), and a recent circuit court decision deferred to our holdings in *Dominguez-Rodriguez* and *Davey*. *See Cardoso de Flores v. Whitaker*, 915 F.3d 379, 382 (5th Cir. 2019) (per curiam).

(2013). However, section 245(h)(2)(B) does not require a "conviction," and thus it does not mandate a categorical inquiry. *Mellouli* is distinct, moreover, because, although the Department of Homeland Security bears the burden of establishing removability, the respondent is required to establish his eligibility for relief from removal, including his eligibility for a section 245(h)(2)(B) waiver. *See Pereida v. Wilkinson*, 141 S. Ct. 754, 760 (2021) (stating that the Act provides that "'[a]n alien applying for relief or protection from removal has the burden of proof to establish' that he 'satisfies the applicable eligibility requirements' and that he 'merits a favorable exercise of discretion'" (alteration in original) (citation omitted)). We therefore conclude that the "simple possession" exception under section 245(h)(2)(B) of the Act calls for a circumstance-specific inquiry.

## III.  CONCLUSION

The respondent may seek a waiver of his inadmissibility under section 212(a)(2)(A)(i)(II) pursuant to section 245(h)(2)(B) of the Act. However, we will remand the record to allow the Immigration Judge to evaluate, in the first instance, whether he qualifies for the "simple possession" exception to section 245(h)(2)(B) under the circumstance-specific approach. We express no opinion regarding the outcome on remand. Accordingly, the respondent's appeal is sustained, and the record is remanded for further consideration of the respondent's application for adjustment of status and request for a waiver of his inadmissibility.

**ORDER:**  The respondent's appeal is sustained.

**FURTHER ORDER:**  The record is remanded for further proceedings consistent with the foregoing opinion and for the entry of a new decision.